PER CURIAM.
We treat the state’s petition as a petition for a writ of prohibition. The state seeks a writ from this court prohibiting the enforcement of an order which would permit the defendant to be released from custody pending trial upon compliance with certain conditions set forth in the order setting bail. We grant the petition finding that the order is a nullity since the judge rendering the order exceeded his authority, and enforcement of the order by the judge would likewise be in excess of his authority-
The defendant is currently scheduled for trial before Judge David M. Gersten on two life felony charges. Following a hearing, Judge Gersten denied the defendant’s motion to set bail finding the proof of guilt evident and the presumption great. See art. I, § 14, Fla. Const.; Fla.R.Crim.P. 3.131(a); State v. Arthur, 390 So.2d 717 (Fla.1980). This court reviewed Judge Ger-sten’s order on a petition for writ of habeas corpus and denied the petition. Paterno v. State, 472 So.2d 1196 (Fla. 3d DCA 1985). Subsequently, the defendant filed a second motion to set bail. Judge Gersten again denied the motion finding that no new matters had been brought to the attention of the court which were not previously considered and the proof of guilt was evident and the presumption great.
While Judge Gersten was on vacation, the defendant filed a renewed motion to set bail and had it set for hearing before Judge Howard Gross, who was Judge Gersten’s alternate. Following the hearing, Judge Gross granted the defendant’s motion, setting bond at $250,000 and imposing other conditions despite the state’s argument that he had no authority under Florida Rule of Criminal Procedure 3.131(d) to do so.
We agree with the state that Rule 3.131(d) is controlling and that Judge Gross exceeded his authority by setting bail for the defendant’s pretrial release. The Rule provides in pertinent part:
No judge or court of equal or inferior jurisdiction may modify or set a condition of release, unless such judge either:
(i) Imposed the condition of bail or set the amount of bond required; or
(ii) Is the chief judge of the circuit in which the defendant is to be tried; or
(iii) Has been assigned to preside over the criminal trial of the defendant; or
(iv) Is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.
Fla.R.Crim.P. 3.131(d)(1). The purpose of the rule is to prevent forum shopping and to keep bail hearings before the judge with the most knowledge of the case whenever practical. To that end, the rule specifically delineates which judges have authority to set or modify bail after a prior decision on the matter. It is quite clear that an alternate judge, such as Judge Gross in the present case, is not permitted by the rule to alter the bail status concerning a defendant.[1] Further, as conceded by the defendant, any local rule dealing with alternate judges is not permitted to contravene rules promulgated and adopted by the Supreme Court of Florida. Fla.R.Jud.Admin. 2.020. Since Judge Gross was without authority *422 to render an order setting bail in the present case, said order is a nullity.
Accordingly, finding that Judge Gross has acted and is acting in excess of his authority with regard to setting bail in this case, we grant the state’s petition for a writ of prohibition. The issuance of the formal writ is withheld, however, in full confidence that Judge Gross will proceed in accordance with the law as set forth in this opinion.

. We note that the defendant is not placed in a quandry when, as in the present case, the primary judge on his case is absent. In such a situation, the rule provides that the relief sought can be granted, if appropriate, by the chief judge of the circuit, or in his absence, the acting chief judge. See Fla.R.Crim.P. 3.131(d)(1)(h).