PER CURIAM.
James Hall petitions this Court for a writ of habeas corpus in which he seeks to reinstate his release on his own recognizance (“ROR”) because he alleges that the State improperly moved to increase his bond without a change of circumstances and in the absence of probable cause for any probation violation. The State cross-petitions for a writ certiorari, seeking review of the trial court’s order reinstating Hall’s ROR. We have jurisdiction to issue both the writ of habeas corpus and the writ of certiorari under article V, section (4)(b)(3) of the Florida Constitution and rules 9.030(b)(3) and 9.100, Florida Rules of Appellate Procedure. We deny Hall’s petition for writ of habeas and grant the State’s cross-petition for writ of certiorari.
Hall is a violent felony offender who was charged with one count of lewd and lascivious molestation on a child ages 12-16, aggravated battery with a deadly weapon, three counts of child abuse with no great bodily harm, and one count of harassing a victim/witness in a second-degree felony. On September 7, 2011, Hall pled guilty to the charge of aggravated battery with a deadly weapon and two counts of child abuse as to the minor victims, T.T. and M.M. He was ordered to serve twenty-one months state prison followed by three years reporting probation. No stay-away orders were issued in this case.
On October 30, 2009, Hall’s ex-wife/girlfriend, D.C., was granted a permanent injunction against Hall.[1] The relevant portion of the permanent injunction order reads as follows:
a. Unless otherwise provided therein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact [sic] anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner.
The State filed a violation of probation affidavit on August 1, 2012, alleging that Hall committed a new criminal violation when he contacted D.C.’s sixteen-year-old daughter, T.T., via a Facebook “Friend Request” in violation of the injunction for domestic violence.
The parties first appeared before the trial court on August 8, 2012 before the Honorable Thomas Rebull, who ordered that Hall be taken into custody on the probation violation with no bond. On August 15, 2012, the parties appeared before substitute judge, the Honorable Milton Hirsch, on Hall’s motion for ROR or dismissal of the violation of probation affidavit. Hall argued that the injunction did not prohibit contact with T.T., to which the State argued that contact with T.T. constituted indirect contact with D.C. The trial court released Hall on his own recognizance, on the condition that Hall agree to a stay-away order to include both D.C.’s daughters, T.T. and M.M.
The next day, the State moved to revoke bond before Judge Rebull. The State argued, in pertinent part, that Judge *1197 Hirsch had acted in an appellate capacity when he reversed Judge Rebull’s ruling without the authority to do so. We agree that Judge Hirsch did not have jurisdiction to revisit Judge Rebull’s decision to hold Hall in custody without bond.
Rule 3.131(d)(1)(B), Florida Rules of Criminal Procedure, controls. This rule provides, in relevant part:
No judge or court of equal or inferior jurisdiction may modify or set a condition or release, unless such judge either:
(1) Is the chief judge of the circuit in which the defendant is to be tried; or
(ii) Has been assigned to preside over the criminal trial of the defendant; or
(iii) Is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.
(iv) Imposed the condition of bail or set the amount of bond required; or
This Court has specifically delineated which judges have the authority to set or modify bail after a prior decision in the matter. See State v. Paterno, 478 So.2d 420 (Fla. 3d DCA 1985). In that case, we stated “[i]t is quite clear that an alternate judge ... is not permitted by the rule to alter the bail status concerning a defendant.” Id. at 421. Judge Hirsch, the alternate judge in this case, was thus without the authority to alter Hall’s bail status under rule 3.131(d)(1)(B) and Paterno.
Furthermore, Judge Rebull was correct in finding that there was probable cause to believe that Hall violated his probation. The injunction prohibited Hall from telephoning, contacting, or communicating with the victim. Additionally, the injunction prohibited Hall from contacting D.C. either “directly or indirectly,” “by mail, e-mail, fax, telephone, through another person, or in any other manner.”
The Facebook “Friend Request” went to T.T., who lived with her mother, D.C. Ultimately, that resulted in the contact that the injunction itself prohibited, because T.T. told her mother about Hall’s friend request. As such, there was probable cause to believe Hall violated his probation.
Accordingly, we deny Hall’s petition for writ of habeas corpus and grant the State’s cross-petition for writ of certiorari.
Petition for writ of habeas corpus denied; cross-petition for writ of certiorari granted.

. D.C. was formerly known as H.C.