This cause is before the Court on petition for certiorari to review the decision of the district court of appeal, supported by that court's certification that its decision passed upon questions of great public interest. Arthur v. Harper, 371 So.2d 96
(Fla. 4th DCA 1978). The court certified the following questions:
 1. Does a trial court have discretion to grant bail to a defendant who is charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident and the presumption great?
 2. Does the accused or the state, in a capital case or a case involving life imprisonment where the accused is seeking to be admitted to bail, have the burden of proof on the issue of whether the proof of guilt is evident and the presumption great?
Id. at 100.
We answer the questions by holding, (1) that when a person accused of a capital offense or an offense punishable by life imprisonment seeks release on bail, it is within the discretion of the court to grant or deny bail when the proof of guilt is evident or the presumption great; and, (2) that before the court can deny bail the state must have carried the burden of establishing that the proof of guilt is evident or the presumption great.
The case was before the district court on petition for habeas corpus to review a pretrial order denying release on bail. The district court held that when a person accused of a capital offense or an offense punishable by life imprisonment seeks release on bail, and the proof of guilt is evident or the presumption great, the court *Page 718 
still has the discretion to grant or deny bail. The court held further that the burden of showing that the proof of guilt is not evident, along with other matters relevant to the court's decision, rests on the accused.
Article I, section 14, of the Florida Constitution provides:[1]
 Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.
Under this provision, if the proof is evident or the presumption great that a person accused of a capital offense or an offense punishable by life imprisonment is guilty of the offense charged, then the accused is not entitled to release on reasonable bail as a matter of right. All other classes of accused persons are entitled to release on reasonable bail until adjudged guilty. The constitutional provision does not require that bail release be denied to all persons charged with capital offenses or offenses punishable by life imprisonment where the proof of guilt is evident or the presumption great. The plain language of the constitution would seem to be a sufficient basis for answering the first question in the affirmative. This Court has never provided such a construction of the language, however, and the question is one of first impression here. The state argues that the constitutional guaranty should be interpreted to disallow release in the excepted situations.
A guaranteed right to release on bail with certain exceptions is typical of American state constitutions. A number of jurisdictions have construed their constitutional provisions on this matter to mandate the denial of bail in situations excepted from the guaranty.[2]
A larger number of jurisdictions have interpreted their constitutions to allow courts the discretion to grant release on bail even to those accused of capital crimes or crimes punishable by life imprisonment where the proof of guilt is evident or the presumption great.[3]
The district court held that the matter of bail in the situations excepted from the guaranteed right to reasonable bail is discretionary with the trial court. It supported this conclusion with an historical analysis of these guaranteed bail release provisions against the background of the common law.[4]
At common law the court had discretion to grant bail in all cases, but no accused person had a right to release on bail. In capital cases, "bail was usually denied, on the theory that a defendant faced with the death penalty would flee, no matter what promises or security were offered to secure his presence at trial." Arthur v. Harper, 371 So.2d at 98. The court could grant bail in such cases, however, if satisfied by the defendant's assurances. When the states began to put the right to release on bail in their constitutions, they typically included an exception for capital cases where the proof of guilt is evident or the presumption great. The district court concluded that since the constitutional provision was intended to grant additional personal rights not previously recognized, it *Page 719 
should not be interpreted as limiting or taking away the capitally accused person's opportunity to obtain release on reasonable bail.
We find this analysis of the intent of the adopters to be persuasive. The state, however, urges us to hold that the denial of bail is mandatory because of the high risk that one accused of an offense punishable by death or life imprisonment will flee the court's jurisdiction. What the state presents us with are arguments on the wisdom of a construction which we find the plain language of section 14 simply will not support.
In any event, we do not find the state's arguments very compelling. The state's interest in securing the defendant's presence at trial is extremely important. But it does not so outweigh the defendant's interest in retaining his liberty as to justify denying completely the opportunity to convince the court that release on bail is appropriate. When the proof is evident or the presumption great that the accused committed a capital or life imprisonment offense, the accused may still come forward with a showing addressed to the court's discretion to grant or deny bail. We answer the first question in the affirmative.
The second question is upon whom to place the burden of establishing, in a capital or life imprisonment case, the facts which take away the defendant's entitlement to reasonable bail release, and give rise to the court's discretionary authority to grant or deny bail. Since the exception in the constitutional provision requires both that the accused be charged with a crime punishable by death or life imprisonment and that the proof of guilt be evident or the presumption great, clearly the indictment or information cannot serve as proof or presumption of guilt. The indictment is not conclusive. There must be something more than simply the charging document.[5] There is a question, however, as to whether the indictment or information should be deemed to raise a prima facie showing, shifting to the defendant the burden of proving that the proof of guilt is not evident and the presumption not great.[6] The district court followed precedent and held that the indictment shifts the burden to the defendant.
There is a long line of cases which support the state's argument that the accused has the burden of establishing that the proof is not evident and the presumption not great before being entitled to release on bail.[7] This rule originated in Rigdonv. State, 41 Fla. 308, 26 So. 711 (1899), where this Court stated that "[a]t common law . . . after an indictment for a capital offense the accused was presumed guilty for all purposes, except that of a trial before a petit jury, and this presumption was so strong as to preclude the party from bail, unless in very exceptional cases." Id. at 312, 26 So. at 712. Based on this reasoning the Court held that the indictment was a strong prima facie showing that the defendant was not entitled to release on bail. To overcome this showing it was the defendant's burden to present the evidence on which the state intended to rely and rebut it.
We can no longer ascribe to this procedure. Section 14 of our Declaration of Rights embodies the principle that the presumption of innocence abides in the accused for all purposes while awaiting trial.[8] It should be the state's burden to prove facts *Page 720 
which take away the entitlement to bail provided for by article 1, section 14.
Furthermore, as a matter of convenience, fairness, and practicality, it is preferable that the state have the burden of coming forward when the accused seeks release on bail. Presumably the state is in better position to present to the court the evidence upon which it intends to rely.
We hold, therefore, that before release on bail pending trial can ever be denied, the state must come forward with a showing that the proof of guilt is evident or the presumption is great.[9]
Simply to present the indictment or information is not sufficient. The state's burden, in order to foreclose bail as a matter of right, is to present some further evidence which, viewed in the light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty. This is the predominant view among jurisdictions with similar constitutional provisions. Fountaine v. Mullen, 117 R.I. 262, 366 A.2d 1138
(1976). The state can probably carry this burden by presenting the evidence relied upon by the grand jury or the state attorney in charging the crime. This evidence may be presented in the form of transcripts or affidavits. If, after considering the defendant's responsive showing, the court finds that the proof is evident or the presumption great, the court then has the discretion to grant or deny bail. On this issue, the burden is on the accused to demonstrate that release on bail is appropriate. It is with regard to this question that consideration of the likelihood that the accused will flee, regardless of the sureties required, becomes appropriate.
The decision of the district court is approved in part and quashed in part. The case is remanded with directions to reverse the order denying bail and to remand for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
[1] This provision is derived from article I, section 9 of the Constitution of 1885, which provided: "All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great." This provision guaranteed all accused persons not covered by the exception an entitlement to bail. E.g., State ex rel. Freeman v.Kelly, 86 So.2d 166 (Fla. 1956); Ex parte Hatcher, 86 Fla. 330, 98 So. 72 (1923).
[2] State v. Garrett, 16 Ariz. App. 427, 493 P.2d 1232
(1972); People v. District Court, 187 Colo. 164, 529 P.2d 1335
(1974).
[3] State v. Hartzell, 13 N.D. 356, 100 N.W. 745 (1904); Exparte Howell, 34 Okla. Cr. 126, 245 P. 66 (1926); Fountainev. Mullen, 117 R.I. 262, 366 A.2d 1138 (1976); State v.Toomey, 126 Vt. 123, 223 A.2d 473 (1966).
[4] See generally, Commonwealth v. Baker, 343 Mass. 162,177 N.E.2d 783 (1961); State v. Konigsberg, 33 N.J. 367,164 A.2d 740 (1960); Fountaine v. Mullen, 117 R.I. 262, 366 A.2d 1138
(1976).
[5] E.g., Russell v. State, 71 Fla. 236, 71 So. 27 (1916);Rigdon v. State, 41 Fla. 308, 26 So. 711 (1899); Benjamin v.State, 25 Fla. 675, 6 So. 433 (1889).
[6] See, State v. Konigsberg, 33 N.J. 367, 164 A.2d 740
(1960); Annot., 89 A.L.R.2d 355 (1963).
[7] E.g., Allen v. State, 174 So.2d 538 (Fla. 1965), cert.denied, 384 U.S. 1014, 86 S.Ct. 1950, 16 L.Ed.2d 1036 (1966);Larkin v. State, 51 So.2d 185 (Fla. 1951); Russell v. State,71 Fla. 236, 71 So. 27 (1916); Ex parte Nathan, 50 So. 38 (Fla. 1908); State ex rel. Loper v. Stack, 291 So.2d 207 (Fla. 4th DCA), cert. denied, 303 So.2d 25 (Fla. 1974); State ex rel.Ball v. Buchanan, 185 So.2d 510 (Fla. 3d DCA), cert. denied,188 So.2d 823 (Fla. 1966).
[8] See Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); Pugh v. Rainwater, 572 F.2d 1053 (5th Cir. 1978).
[9] Accord, Orona v. District Court, 184 Colo. 55, 518 P.2d 839
(1974); State v. Menillo, 159 Conn. 264, 268 A.2d 667
(1970); In re Steigler, 250 A.2d 379 (Del. 1969); Bates v.Hawkins, 52 Haw. 463, 478 P.2d 840 (1970); Young v. Russell,332 S.W.2d 629 (Ky. 1960); Application of Wheeler, 81 Nev. 495,406 P.2d 713 (1965); State v. Konigsberg, 33 N.J. 367,164 A.2d 740 (1960); State ex rel. Connall v. Roth, 258 Or. 428,482 P.2d 740 (1971); Fountaine v. Mullen, 117 R.I. 262,366 A.2d 1138 (1976). *Page 721