PER CURIAM.
We have granted this petition for writ of habeas corpus by earlier order, directing the trial court to release petitioner forthwith on such bond and on such conditions as the trial court may determine. This opinion sets forth our reasons for doing so.
Petitioner is charged with kidnapping, carjacking and strong arm robbery. He first filed a motion to set bond in July of 1997, in which he said that he was entitled to bond as a matter of right unless the proof was evident or the presumption of guilt great, pursuant to Article 1, Section 12 of the Florida Constitution, and State v. Arthur, 390 So.2d 717 (Fla.1980).
The motion was heard in September of 1997, at which time petitioner’s mother testified to facts suggesting that the lineup identification procedures by police had been tainted. Petitioner’s counsel represented that petitioner had no prior record of crime. Petitioner said that if released, he would reside with his mother. His mother said that she would post her house as collateral. The assistant state attorney opposed release on any bond, and said that he was under the impression that this was the petitioner’s motion and not a state motion to withhold bond under Arthur. He advised that the state had not subpoenaed any witnesses. The trial court denied release on bond as to the two counts at issue (bond already had been set on the third count).
*413 We agree with petitioner that the trial court erred in denying release on bond after the state was unable to demonstrate that the proof of guilt was evident or the presumption great, and where the defense had produced evidence suggesting the lineup identification of petitioner had been tainted. Whether the state shared in the trial court’s apparent confusion as to which case was scheduled for the bond hearing, or misunderstood the nature of the hearing actually scheduled, the fact remains that petitioner duly noticed the state on his motion to set bond, and even cited the Arthur case in his motion. Thus, the state cannot argue that it lacked notice of what was before the trial court at this September hearing. That the state failed to subpoena witnesses for this hearing does not entitle it to a second chance to have an AHhur hearing. That is why this court by earlier order directed petitioner’s release, on bond and other conditions as the trial court may determine to be appropriate.
For that reason, the petition has been granted, and petitioner ordered released forthwith on such bond and on such conditions as the trial court may determine.
GLICKSTEIN, FARMER and SHAHOOD, JJ., concur.