PER CURIAM.
Paul Brandreth seeks habeas corpus relief stemming from an indictment for one count of first degree murder, one count of conspiracy to commit first degree murder, and two counts of grand theft. We grant the petition because the trial court improperly denied Brandreth’s request for an Arthur [1] hearing.
Brandreth is incarcerated serving a 235-month sentence in the custody of the United States Federal Bureau of Prisons. The State obtained temporary custody of Brandreth to obtain a final disposition of the pending State case. Pursuant to rule 3.131, Florida Rules of Criminal Procedure, Brandreth requested an Arthur hearing. The State argued that Bran-dreth was not entitled to a bond hearing, and that a bond hearing would be a futile act because a condition of temporary detention prohibited Brandreth’s release on bond, and would be a waste of judicial resources. The State further argued that Brandreth knew of the conditions of the temporary detention, and he waived the right to request the imposition of a bond pursuant to rule 3.131. The trial court denied Brandreth’s request for an Arthur hearing. We find this was error.
Florida law provides that every person is entitled to pre-trial release on reasonable conditions, unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption great. See State v. Paul, 783 So.2d 1042, 1045 (Fla.2001). “[Ejven when a defendant [is] charged with a capital or life imprisonment offense, the trial court still [has] the discretion to grant bail.” Id. The Florida Supreme Court does not recognize any exceptions to these principles. Furthermore, the State’s temporary custody agreement with the federal government cannot extinguish Brandreth’s entitlement to an Arthur hearing. Although it is true that Brandreth cannot now be released from state custody as a result of the federal custody hold, he only seeks a bail amount determination. Setting the Arthur hearing is thus not a useless act. Additionally, there is no evidence in this record that Brandreth waived his right to bail.
We therefore grant the petition and direct the trial court to hold an Arthur hearing.
Petition granted.

. State v. Arthur, 390 So.2d 717 (Fla.1980).