957 So.2d 39 (2007)
Matthew Wayne GODWIN, and Terry Wayne Godwin, Petitioners,
v.
Ralph JOHNSON, as Sheriff of Walton County; and Danny Glidewell, as the Administrator of Walton County Jail, Respondents.
Nos. 1D06-6632, 1D06-6633.
District Court of Appeal of Florida, First District.
April 26, 2007.
Clay B. Adkinson of Adkinson Law Firm, LLC, DeFuniak Springs, for Petitioners.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Respondents.
PER CURIAM.
Terry Wayne Godwin and Matthew Wayne Godwin petition this court for a writ of habeas corpus, challenging the circuit court's decision to deny them pretrial release. We sua sponte consolidate the cases for purposes of this opinion and, for the reasons set forth below, deny the petitions.
The petitioners are charged with second-degree murder, an offense punishable by life in prison pursuant to section 782.04(2), Florida Statutes (2006). The state sought to preclude pretrial release on grounds that the proof of the defendants' guilt was evident or the presumption was great. See Art. I, § 14, Fla. Const.; Fla. R.Crim. P. 3.131(a). At a hearing on the issue, the state's evidence was presented exclusively through the testimony of an investigator who described the physical evidence he observed at the crime scene, statements made to him by various participants in the altercation that led to the death of the victim, and the information he obtained while observing the autopsy of the victim. The Godwins made objections based on Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), contending that the state's evidence was violative of the confrontation clause contained in the Sixth Amendment to the United States Constitution and they reassert these arguments in the instant habeas corpus petitions. Petitioners argue that Crawford effectively overruled State v. Arthur, 390 So.2d 717 (Fla.1980) and revived cases such as Stansel v. State, 297 So.2d 63 *40 (Fla. 2d DCA 1974), which held that the right to full confrontation applied in hearings on pretrial release. We cannot agree. Instead, as the respondents argue, Crawford did not change the types of proceedings where the confrontation clause does or does not apply. Instead, it provides guidance on how the clause is to be implemented when it is applicable. The court in Arthur found that the state could present its case in a pretrial detention proceeding "in the form of transcripts or affidavits." 390 So.2d at 720. Thus, an unstated, but necessary premise of the Arthur decision is that the confrontation clause does not apply in this type of proceeding and we conclude that principle continues to be the law in Florida after Crawford. The confrontation clause of the Sixth Amendment expressly applies in "criminal prosecutions." We agree with the reasoning and conclusion of State v. Engel, 99 N.J. 453, 493 A.2d 1217 (1985) that this does not include proceedings on the issue of pretrial release.
We also find no merit to petitioners' claim that the proof of their guilt was not shown at the hearing to be evident or the presumption great. Accordingly, the petitions for writ of habeas corpus are hereby denied.
PETITIONS DENIED.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.