WARNER, J.,
dissenting in part and concurring in part.
While I disagree with the reasoning of the majority opinion, I would grant the petition for a different reason and require the setting of bail because the state failed to carry its burden in the Arthur hearing. I disagree, however, with the majority as to the issue of denial of argument and as to its conclusion that the other errors should not be addressed.
The denial of a request for closing argument does not constitute a constitutional denial of due process. The Fifth District’s decision in J.M.S. v. State, 921 So.2d 813 (Fla. 5th DCA 2006), upon which the majority relies, holds that a violation of due process occurs when counsel is denied the opportunity to sum up the evidence at the close of a criminal trial. The court in J.M.S. relied on Herring v. New York, 422 U.S. 853, 857-58, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), which decided that such a right exists as part of the Sixth Amendment. However, while Herring stands for that proposition, it contains an important footnote limiting the scope of its ruling:
We deal in this case only with final argument or summation at the conclusion of the evidence in a criminal trial. Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process.
Id. at 863 n. 13, 95 S.Ct. 2550 (emphasis supplied).
While no Florida cases could be found on point, in State ex rel. Funmaker v. Klamm, 106 Wis.2d 624, 317 N.W.2d 458 (1982), the court held that a defendant did not have a constitutional right to argument at a preliminary hearing to determine probable cause that a felony was committed and to establish bail, relying on Her *1218 ring. In denying such a right, the court said:
[Although there is a constitutional right to counsel at the preliminary hearing, the constitution does not require that counsel be allowed to play the same rule as counsel at trial. A counsel’s role is necessarily limited by the limited scope of the preliminary examination. The decision to allow closing argument rests within the sound discretion of the examining judge. While it may be the better practice to allow closing arguments at most preliminary hearings, we hold that it is not constitutionally required.
106 Wis.2d at 634, 317 N.W.2d 458.
In cases involving a capital offense or an offense punishable by life imprisonment, the procedure for determining whether a defendant has a right to bail is set forth in State v. Arthur, 390 So.2d 717, 719 (Fla.1980), which requires the state to produce evidence greater than the mere filing of an information to show that the proof is evident and the presumption great of the defendant’s guilt. Where the state makes such a showing, it then shifts the burden to the defendant to show that he should still be entitled to bail:
Simply to present the indictment or information is not sufficient. The state’s burden, in order to foreclose bail as a matter of right, is to present some further evidence which, viewed in the light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty.... The state can probably carry this burden by presenting the evidence relied upon by the grand jury or the state attorney in charging the crime. This evidence may be presented in the form of transcripts or affidavits. If, after considering the defendant’s responsive showing, the court finds that the proof is evident or the presumption great, the court then has the discretion to grant or deny bail. On this issue, the burden is on the accused to demonstrate that release on bail is appropriate.
Id. at 720 (citation omitted).
In this case, petitioner was given notice and an opportunity to be heard. The court allowed him to present evidence, although his counsel declined. I can find nothing in the Arthur procedure or any cases involving pre-trial detention, which demands that the trial court afford counsel the opportunity to present closing argument. Arthur hearings are not formal trials. Evidence can be submitted in the form of affidavits or transcripts. Indeed, the constitutional right of confrontation does not apply to pretrial release proceedings. Godwin v. Johnson, 957 So.2d 39, 40 (Fla. 1st DCA 2007). Although it is certainly the better practice to allow argument and courts should never routinely dispense with it, Herring explains that it is not constitutionally required. By its opinion, the majority creates a mandatory rule of procedure requiring closing argument in pretrial proceedings. Only the supreme court has the authority to create rules of procedure. See Art. V, § 2(a), Fla. Const.
Nevertheless, I would grant the petition on the merits. The state presented one investigating detective at the hearing who took the witnesses’ statements. Those statements constituted the only evidence of the crimes. This court is in the same position as the trial court to determine whether the proof is evident and presumption great, and deference to the trial court’s findings of fact does not fully apply. See Thompson v. State, 548 So.2d 198, 204 n. 5 (Fla.1989). Based upon my own review of the evidence, the state’s evidence does not meet the extraordinarily heavy burden that its evidence must exceed proof beyond a reasonable doubt. See Elderbroom v. Knowles, 621 So.2d 518, 520 (Fla. 4th DCA 1993).
*1219 Although the state charged the petitioner with multiple felonies, only three could constitute a capital or life felony. According to the state’s response, it charged petitioner with several violations of section 794.011(4)(g), sexual battery by a law enforcement officer, during which petitioner “carried or displayed a firearm, and during the commission of the offense Jonathan Bleiweiss actually possessed a firearm....” Section 794.01l(4)(g) increases the penalty for a sexual battery, which is committed by a law enforcement officer, to a first degree felony. Under section 775.087(l)(a) that felony is increased to a life felony if the person “carries, displays, uses, threatens to use, or attempts to use” a firearm.[2] One of the victims of the sexual battery was asked by the investigator if the petitioner had a gun, and he responded “yes.” Not one of the victims, however, mentioned that the petitioner used the gun or threatened to use it during the commission of any of the offenses.
Moreover, the evidence in the statements, and presented at the hearing, is not of the quantity or quality to meet the heavy burden on the state in an Arthur hearing. See Elderbroom, 621 So.2d at 520; see also Whitehead v. McCampbell, 700 So.2d 135 (Fla. 4th DCA 1997). Multiple witnesses told investigators that the petitioner had fondled them and then asked to perform oral sex. When those witnesses said “no,” the petitioner did not force the act, indicating that the petitioner may not have acted without “consent.” All of the witnesses were illegal aliens who were allowed to file for special visas to stay in this country because they reported this crime, which could have influenced their testimony. Most of the witnesses were from the same apartment complex, and detectives used a maintenance man at the complex to “recruit” complainants after two witnesses complained to Fort Lauderdale police. Neither of the initial complainants alleged that petitioner engaged in oral sex with them. At least one witness to one of the touching incidents remarked to a friend that the police officer was the victim’s boyfriend or “client,” thus indicating that at least one of the alleged victims may have been a male prostitute. The petitioner did not confess, and an undercover operation arranged to incriminate petitioner failed to reveal any illegal conduct. While there is sufficient evidence to convict petitioner, the state has not provided evidence which exceeds proof beyond a reasonable doubt, given the totality of his contacts with other victims, the credibility issues raised by the visa applications and witness recruitment, and the lack of any physical evidence or confession connecting the petitioner to the life felony crimes. Cf. Gallo v. Lamberti, 972 So.2d 305 (Fla. 4th DCA 2008) (evidence sufficient to meet Arthur requirements where defendant confessed to hitting victim and other evidence showed that the homicide would constitute second degree murder and not merely manslaughter).
Although I disagree that the failure to permit the defense to argue was a denial *1220 of due process under the circumstances, upon review of the record, I conclude that the petition should be granted and the trial court directed to consider bail.

. In some sense, this seems like a double enhancement because under chapter 794 a sexual battery is already enhanced from a second degree felony to a first degree felony where the person committing the offense is a law enforcement officer. Compare § 794.01 l(4)(g) with § 794.011(5), Fla. Stat. Law enforcement officers routinely carry firearms as part of the uniform while on official duty. The state has sought a further enhancement under section 775.087(l)(a) in this case because petitioner was apparently in uniform possessing his weapon. Because the possession of a firearm is not an essential element of a violation of section 794.01 l(4)(g), such a double enhancement does not violate the statute. See § 775.087(1), Fla. Stat. (providing that the weapon enhancement does not apply to “a felony in which the use of a weapon or firearm is an essential element”).