PER CURIAM.
The Petitioner, Robert Flores, seeks ha-beas corpus relief based on the refusal of the trial • court to set bond. Petitioner asserts that the trial court failed to make the requisite findings to support a denial of bond. We agree.
The petitioner by amended information has been charged with burglary with an assault or battery, which is a first degree felony punishable by imprisonment not exceeding life. See Fla. Stat. § 810.02(2)(a). As such, the petitioner is entitled to bond upon reasonable conditions unless the State makes a showing, and the trial court makes a finding, that “proof of guilt is evident or the presumption is great” that the petitioner committed the crime charged. See Fla. R.Crim. P. 3.131(a). Bond can then be denied. In this case, although the transcript from the hearing confirms that the State presented evidence and argued “proof [of guilt] is evident or the presumption great,” the trial court failed to state either orally or in writing that it was making such a finding in denying bond. See State v. Arthur, 390 So.2d 717, 719 (Fla.1980).
Alternatively, rule 3.131(a) further allows continued detention where the trial court determines that “there are no conditions of release that can protect the community of risk of harm to persons,” if bond is granted. In this case, aside from the trial court expressing a concern for the safety of the victim upon denying bond, there was no further discussion or determination that no conditions of release existed to protect her.
Based on these deficiencies, the petition for writ of habeas corpus is granted to the extent that the trial court upon remand shall either promptly set a reasonable bond or make the requisite findings in support of denial of bond.
PETITION GRANTED, REMANDED WITH INSTRUCTIONS.
MONACO, TORPY and COHEN, J.J., concur.