NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CURTIS J. REEVES,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　　Case No.  2D14-1784
　　　　　　　　　　　　　　　　　　　　)
CHRIS NOCCO, as Sheriff of Pasco　　　　)
County, Florida,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　　　　　　　)
_____)

Opinion filed July 11, 2014.

Petition for Writ of Habeas Corpus to the
Circuit Court for Pasco County; Pat
Siracusa, Judge.

Frances E. Martinez of Escobar &
Associates, P.A., Tampa, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Respondent.


ALTENBERND, Judge.

　　　　　　Curtis J. Reeves petitions this court for a writ of habeas corpus,

contending that the circuit court erred in denying him pretrial release while he is

awaiting trial for second-degree murder and aggravated battery. We conclude that he is entitled to some relief.

Because Mr. Reeves is charged with second-degree murder, an offense punishable by life imprisonment, he is one of those exceptional criminal defendants who is not constitutionally entitled to pretrial release on reasonable conditions under article I, section 14, of the Florida Constitution so long as the State established at his bond hearing the proof described in State v. Arthur, 390 So. 2d 717, 720 (Fla. 1980), and Russell v. State, 71 So. 27, 28 (Fla. 1916). However, even when the State makes this strong demonstration in such a case, it merely establishes that the defendant has no constitutional right to pretrial release on reasonable conditions. Under the clear holding in Arthur, the defendant still has the option of proving certain facts that permit the circuit court to use its discretion to grant pretrial release under sufficient conditions.

In this case, Mr. Reeves exercised his option to present such proof. However, due to a procedural irregularity that we explain later, the circuit court reversed the logical order for this decision-making process. It first heard Mr. Reeves's evidence that would entitle him to an appropriate bond and then heard the State's evidence to support its claim that he was not entitled to the constitutional right to pretrial release. At the end of the hearing, the circuit court ruled that the State had met its burden and denied pretrial release. It then explained the terms and conditions of the bond that it would have authorized if the State had not met its burden. It never expressly ruled on Mr. Reeves's request to receive discretionary pretrial release.

From our review of the record, we are inclined to believe that the circuit court made an error of law and that it did not realize it had the discretionary power to

grant release on the terms and conditions that it announced.  In other words, it believed it must deny release if the State met its burden.  It appears that the circuit court was impressed with Mr. Reeves's pretrial release evidence, which unquestionably was strong.  The court never expressed any reason or concern that would have caused it to deny pretrial release, as a matter of reasoned discretion.

Initially, this court considered merely instructing the circuit court to grant pretrial release on the conditions that it had announced.  But on further review of the record, we are not completely certain that the trial court made the above-described error of law.  It is at least conceivable that the circuit court silently exercised discretion to deny release without explaining its reasons for that decision.  Accordingly, we grant relief to the extent that we authorize the circuit court to grant pretrial release on the conditions that it announced at the conclusion of the hearing on the motion to set bond or to deny pretrial release in an order that provides a reasoned explanation for that discretionary decision.

## I.  THE INITIAL PROCEEDINGS IN CIRCUIT COURT

Mr. Reeves, a seventy-one-year-old retired police officer, is accused of shooting and killing Chad Oulson in a movie theater on January 13, 2014.  The incident has become a matter of public interest.  In ruling on the motion to set bond, the circuit court declined to discuss its findings concerning the facts of the case for the reasons explained in State ex rel. Van Eeghen v. Williams, 87 So. 2d 45, 46 (Fla. 1956).  We likewise will refrain from any extensive discussion of the evidence.

According to our limited record, Mr. Reeves was arrested on January 13, 2014, for second-degree murder.  He made his first appearance on January 14, 2014,

- 3 -

before Judge Lynn Tepper. At that hearing, which occurred prior to the filing of an information, the State had not filed a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132. Thus, the circuit court conducted a hearing to determine pretrial release pursuant to rule 3.131(b). The court denied pretrial release, finding that proof was evident based only on the content in the criminal report affidavit. Thereafter, Mr. Reeves filed a "motion to release defendant on his own recognizance or set reasonable bail." Judge Siracusa held a lengthy evidentiary hearing on this motion immediately following Mr. Reeves's arraignment on the charges contained in the information. It is his ruling on that motion that we examine in this proceeding.[1]

After both of these hearings had occurred, this court issued its opinion in Preston v. Gee, 133 So. 3d 1218 (Fla. 2d DCA 2014). In that case, the defendant filed a petition for habeas corpus challenging a denial of bond at a hearing comparable to the first appearance in this case before Judge Tepper. This court held in Preston that the criminal report affidavit by itself was insufficient to establish the high degree of proof required under article I, section 14, to deny bond for a robbery charge that was a first-degree felony punishable by life. Id. at 1221, 1228.

At the first appearance in this case, the circuit court obviously did not have the benefit of Preston when it denied bond. At least from our limited record, it appears that had the order denying bond at first appearance been challenged by a petition for habeas corpus, this court would likely have granted the petition and remanded for an appropriate hearing.

---

[1]This petition for writ of habeas corpus is the appropriate means to challenge the denial of pretrial release. See Greenwood v. State, 51 So. 3d 1278, 1279 (Fla. 2d DCA 2011).

Fortunately, the extensive hearing before Judge Siracusa approximates the hearing that we contemplated would occur on remand in Preston. In this opinion we will not repeat the discussion in Preston that demonstrates the extent to which both the current rules of procedure and the relevant statutes are designed to handle the typical case in which pretrial release is treated as a constitutional right under article I, section 14, of the Florida Constitution and are not entirely compatible with the requirements under Arthur for cases in which the charge is a capital offense or an offense for which life imprisonment is the penalty. We comment, however, on an unpreserved procedural error that appears to have contributed to the confusion in the circuit court's announced decision.

Because the State did not file a motion to detain Mr. Reeves pursuant to rule 3.132, Mr. Reeves filed his motion seeking release on reasonable bail. Typically, the party who files a motion has the burden of both proof and persuasion as to the relief requested in the motion. Thus, without objection, the circuit court required Mr. Reeves to present his witnesses first at the hearing on the motion and also required Mr. Reeves to argue the merits of his motion first. But under the holding in Arthur, 390 So. 2d at 720, it was the State that had the initial burden of proof and persuasion to establish its right to deprive the defendant of pretrial release under the exception in the first sentence of article I, section 14. Thus, the State should have commenced the evidence at this hearing. Mr. Reeves's evidence as to conditions and terms of pretrial release should not have occurred until the circuit court first determined whether he did or did not have a right to pretrial release.

Although the circuit court confused the order of events at this hearing, the State repeatedly recognized that it had the burden of proof at the hearing. It also presented extensive evidence at the hearing. We are convinced that the circuit court applied the correct burden of proof and persuasion at this hearing.

## II. WHETHER THE STATE MET ITS BURDEN IS NOT AN ISSUE WE NEED TO REACH

Mr. Reeves argues that the circuit court erred in determining that the State met its high burden on the issue of whether he had no right to pretrial release under any terms and conditions. As this court recently explained in Preston, we continue to require the State in this context to meet the burden described in Russell, 71 So. at 27. In this case, there really is no dispute that Chad Oulson is dead and that his death is the result of Mr. Reeves's shooting him with a handgun. The more difficult factual questions for the circuit court at the bond hearing were whether Mr. Reeves acted in self-defense and whether the criminal intent associated with this death was the type of intent necessary for second-degree murder or the type of intent associated with the offense of manslaughter. Manslaughter is an offense for which article I, section 14, authorizes consideration of pretrial release as a matter of right.

The circuit court required the State to present extensive testimony on these issues. This is undoubtedly one of the most thorough hearings on bond that this court has ever reviewed. Whether the State met its burden on the issue of guilt for second-degree murder as compared to manslaughter is, as recognized by the circuit court, a close question. We conclude that there is no reason for this court to reach this issue at this time. If the circuit court grants pretrial release under the limited relief that we provide in this decision, then it will make no difference whether the release was a

- 6 -

matter of right or a matter of discretion. If we have misjudged the circuit court's reasoning and it actually intended to make a discretionary decision to deny release despite Mr. Reeves's evidence, it will presumably deny release again when it receives this decision. At that point, and only at that point, would this court need to resolve this issue.

### III. DISCRETIONARY RELEASE

In this case, the defendant presented exceptionally strong evidence in support of his request for pretrial release. He presented several character witnesses whose testimony went largely unchallenged by the State. He is an older defendant with no prior record. He and his wife have been married forty-six years and have several generations of relatives in the community. He cares for a mother who is more than ninety years of age. Prior to this event, he had a long and distinguished career as a police officer and as director of security for a large local business. There is no evidence of drug or alcohol issues.

In its written order, the circuit court found that Mr. Reeves possesses extensive ties to the community and further found, "[w]ithout hesitation . . . , based upon this testimony and the exhibits that the Defendant is not a flight risk." The court concluded that it would have "few concerns" that he would be a danger to society if released pretrial.

The circuit court explained in the written order the terms and conditions of pretrial release it would have found appropriate "if the State had not met the burden for pretrial detention."

> [T]he bond would have been set at $150,000 with a condition
> that the Defendant remain at his residence with the

exception of attending religious services, for medical treatment and the grocery store. The Defendant would not be allowed to have possession of a firearm and all of his firearms would be surrendered either to the Pasco Sheriff or another person acceptable to the Court after a hearing. The Defendant would wear the standard pretrial ankle monitor for GPS tracking of his location through one of the approved vendors.

Under article I, section 14, a person charged with an offense for which pretrial release is a right may nevertheless be denied release "[i]f no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process." The decision in Arthur effectively reverses the burden for these factors in a case involving a capital felony or an offense for which life imprisonment is the penalty. Thus, even if the State meets its burden under Russell, the circuit court may exercise discretion to grant pretrial release if the defendant can prove that conditions of release can effectively protect the public from the risk of physical harm, assure his presence at trial, and assure the integrity of the judicial process.

In this case, the court clearly found that Mr. Reeves established that he was not a flight risk. No one seriously argues that detention is needed to assure the integrity of the judicial process. Indeed, Mr. Reeves was allowed to attend the bond hearing itself in normal clothing and without handcuffs. Given the singular event at the theater, one can have some concern for public safety, which is why the circuit court would essentially require house arrest without firearms and with an ankle monitor for GPS tracking.

As we explained at the beginning of this opinion, it appears that the circuit court denied release merely because it believed it had no discretion to do otherwise if

the State met its burden.  All of the usual factors that would be used to authorize pretrial release in this context were clearly established by Mr. Reeves at this hearing.  The record suggests no special circumstances or other factors that would justify a reasoned, discretionary decision to deny pretrial release.  But we cannot rule out the possibility that the circuit court had a reasoned, discretionary basis not to grant release.

Given the extensive evidence and the full consideration of the terms and conditions for release at the recent hearing, we see no reason to compel the circuit court to conduct another hearing.  It is authorized to grant release on its own announced conditions or to provide an order explaining its discretionary decision to deny release.  If the circuit court determines that circumstances warrant additional testimony before finalizing any terms and conditions of release, it is not barred by this opinion from conducting that hearing.

Petition granted to the extent explained within this opinion.


NORTHCUTT and VILLANTI, JJ., Concur.