DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**STATE OF FLORIDA,**
Petitioner,

v.

**CEDRICK WHITE,**
Respondent.

No. 4D14-667

[October 8, 2014]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 14-1486 CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach for petitioner.

Howard Finkelstein, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for respondent.

PER CURIAM.

The state petitions for a writ of prohibition to review the denial of its motion to disqualify the trial judge. We treat the petition as both a petition for a writ of prohibition and a petition for a writ of certiorari. We grant the petition in both respects.

The state charged the defendant with lewd or lascivious molestation of a person less than twelve by a person eighteen years of age or older – a life felony. §§ 775.082(3)(a)4. & 800.04(5)(b), Fla. Stat. (2010). The defendant requested the judge to set a bond unless the state could establish that proof of guilt is evident or the presumption is great, pursuant to *State v. Arthur*, 390 So. 2d 717, 720 (Fla. 1980). After holding an *Arthur* hearing, the judge set a bond for the defendant.

The state later filed a motion pursuant to *Williams v. State*, 110 So. 2d 654 (Fla. 1959), seeking to introduce at trial similar fact evidence which another child alleged against the defendant. The judge refused to rule on

the state's motion before trial. In light of the judge's refusal to rule, the state nolle prossed the charges and re-filed the charges under a new case number later that day.

At arraignment for the re-filed charges, the judge *sua sponte* ordered the defendant released on his own recognizance without taking any evidence or argument. The judge then indicated that, as a matter of policy, he does not entertain *Williams* rule motions before trial. The judge stated, "[n]ow . . . my policy on *Williams* rule . . . I will make that determination during the course of the trial, whether to admit it. I will not hold a hearing prior."

The state timely moved to disqualify the judge on two grounds: (1) based on the judge's order releasing the defendant on his own recognizance without taking any evidence or argument, in an apparent reaction to the state's decision to nolle prosse and then re-file the charges against the defendant; and (2) based on the judge's articulation of a policy not to hear *Williams* rule motions before trial. The judge denied the motion as being legally insufficient.

The state then filed the instant petition raising the same two grounds. The defendant concedes on the second ground that the judge "should be compelled to renounce [his] policy of not hearing *Williams* rule motions prior to trial." Our review is de novo. *See Parker v. State,* 3 So. 3d 974, 982 (Fla. 2009) ("The standard of review of a trial judge's determination on a motion to disqualify is *de novo.*") (citation omitted).

To the extent the state seeks review of the denial of its motion for disqualification on the ground that the judge ordered the defendant released on his own recognizance without taking any evidence or argument, in an apparent reaction to the state's decision to nolle prosse and then re-file the charges against the defendant, we treat the petition as seeking a writ of prohibition and grant the petition. *See id.* ("The standard for viewing the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, would cause the movant to have a well-founded fear that he or she will not receive a fair trial at the hands of that judge.") (citation omitted).

To the extent the state seeks review of the court's announced policy not to hear *Williams* rule motions before trial, we treat the petition as seeking a writ of certiorari and grant the petition. The court's announced policy may cause irreparable harm to the state because it would have no right of appeal if the defendant is acquitted. Further, the court's announced policy constitutes a denial of due process to the state and

2

therefore is a departure from the essential requirements of the law. *See Nader v. Fla. Dep't of Highway Safety & Motor Vehs.*, 87 So. 3d 712, 721 (Fla. 2012) ("[A] party seeking review through a petition for writ of certiorari must demonstrate: (1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.") (citation and internal brackets and quotation marks omitted).

Based on the foregoing, we grant the state's petition. We remand for appointment of a successor judge. The state may request the successor judge to reconsider the order releasing the defendant on his own recognizance. *See* Fla. R. Jud. Admin. 2.330(h) ("Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.").

*Petition granted.*

STEVENSON, MAY and GERBER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

3