# Third District Court of Appeal

## State of Florida

Opinion filed September 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1738
Lower Tribunal No. F21-6596
_____


**Sarah Hernandez,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Avelino J. Gonzalez, P.A., and Mario A. Machado, for petitioner.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for respondent The State of Florida.


Before MILLER, LOBREE and BOKOR, JJ.

BOKOR, J.

In this habeas corpus petition, Sarah Hernandez contends she is being held illegally based on the trial court's failure to set reasonable bond on the charge of human trafficking pursuant to section 787.06(3)(g), Florida Statutes.[1] Specifically, Hernandez is charged with human trafficking based

[1] Hernandez was granted bond on the other three counts for which she was charged. The trial court found no bond appropriate for the human trafficking charge, which is the focus of this opinion. To the extent the petition seeks a reduction in the amount of bond for the other three charges for which the trial court set bond, we find such argument without merit.

The specific provision of the statute for which Hernandez is charged states:

> (3) Any person who knowingly, or in reckless disregard of the facts, engages in human trafficking, or attempts to engage in human trafficking, or benefits financially by receiving anything of value from participation in a venture that has subjected a person to human trafficking:
> [. . .]
> (g) For commercial sexual activity in which any child younger than 18 years of age or an adult believed by the person to be a child younger than 18 years of age, or in which any person who is mentally defective or mentally incapacitated as those terms are defined in s. 794.011(1), is involved commits a life felony, punishable as provided in s. 775.082(3)(a)6., s. 775.083, or s. 775.084.

§ 787.06(3)(g), Fla. Stat. Section 787.06 also provides the following relevant definitions:

> (2)(b): "Commercial sexual activity" means any violation of chapter 796 or an attempt to commit any such offense, and includes sexually explicit performances and the production of pornography.
> [. . .]

on the allegation that she and the 17-year-old victim "were seen dancing erotically" in a video available for sale and viewing, which video "was filmed at the direction of [Hernandez] and with the intention to profit from the sales."[2]   Hernandez moved for reasonable bond on the trafficking charge, which the trial court considered during an <u>Arthur</u> hearing.[3]   The trial court denied bond on the human trafficking charge, finding that there were no conditions that would assuage the court's concerns regarding protecting the community, and particularly the victim, from possible communication or contact from Hernandez.   We review the trial judge's findings under an abuse of discretion standard.

<div style="border-top: 1px solid black;"></div>

(2)(d):  "Human trafficking" means transporting, soliciting, recruiting, harboring, providing, enticing, maintaining, purchasing, patronizing, procuring, or obtaining another person for the purpose of exploitation of that person.

[2] The arrest affidavit also claims, and hearing testimony reflects, that the victim profited from the video sales and that Hernandez invited the victim to "multiple private parties and bars where she danced and stripped for money.  The victim said she purchased drugs from [Hernandez] numerous times and took them in her presence."

[3] Human trafficking is an offense punishable by life.  Accordingly, the trial court conducted a hearing pursuant to <u>State v. Arthur</u>, 390 So. 2d 717 (Fla. 1980), to consider (1) if the State's evidence rises to the standard of proof evident, presumption great and if so, (2) whether there are conditions that can protect the community and ensure Hernandez's appearance in court. While Hernandez does not concede proof evident and presumption great (the first prong of the <u>Arthur</u> hearing), the petition focuses on the second prong of the <u>Arthur</u> hearing, whether there are reasonable conditions to protect the community and ensure Hernandez's appearance.

The trial court found that no conditions of release could reasonably protect the community (or the victim) from risk of harm. Specifically, the trial court was concerned that if Hernandez wanted to, it may be difficult to prevent contact between Hernandez and the victim through the telephone or other electronic means. The problem with this concern is that, without more, it could apply to prevent bail in any case. There is no indication, and the State has not argued or offered evidence, that Hernandez poses a special, heightened, or in any way particularized risk of offending by trying to reach the victim.

The State did not meet its burden in showing that there are no conditions that could reasonably protect the community. At the combination Arthur/pretrial release hearing, the State presented the detective who signed the arrest affidavit. The State, however, offered no evidence of dangerousness that could reasonably preclude pretrial release subject to appropriate conditions. The State presented argument that because of Hernandez's prior friendship with the victim, she presented a special risk of contacting the victim. This is conclusory and not supported by the record. Instead, the facts and circumstances support bond and sufficient conditions of pretrial release—including, for example, Hernandez's lifelong connections to the area, her lack of history of related

4

incidents, and the lack of testimony that she tried to contact the victim after being charged. There is also no indication in the record that Hernandez forced, coerced, or otherwise pressured the victim to engage in the charged act. Nor does the record contain any evidence that Hernandez engaged in threats or any menacing behavior directed to the victim. The record reflects the victim posted the offending video on her social media and collected a portion of the profits.

While human trafficking is a serious charge, the statute covers a wide range of activities, such that an understanding of the specific facts of the case is necessary to appreciate the dangerousness to the community and the reasonableness of any findings pertaining thereto. Tellingly, as it pertains to dangerousness, the lead detective presented by the State, in response to the State's questioning at the Arthur hearing, indicated that Hernandez was no longer contacting the victim and no longer assisted or facilitated the shows or performances:

> Q. And when you interviewed the victim, did she confirm that the defendant [Hernandez] had ended this relationship of organizing work for the victim.
>
> A. She was essentially, on her own after that.

Accordingly, we grant the petition for writ of habeas corpus and remand to the trial court. The court shall immediately conduct a hearing to determine

appropriate bond and conditions of release for the human trafficking count.[4]

Hernandez shall remain in custody pending the determination of, and compliance with, the bond amount and other relevant conditions of pretrial release.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.

---

[4] Hernandez proposes a bond amount and conditions of release in her petition. We decline to adopt or endorse any specific amount or conditions. We are confident the trial court can craft a reasonable bond for this count as well as any additional reasonable conditions, such as, for example, surrendering passport, home confinement except for church, school, lawyers/court, and doctors, GPS monitoring, restriction of electronic devices, allowing access to smartphones, etc. The trial court may consider, to the extent relevant, the conditions of release ordered in State v. Cuesta, F-21-001515-B (Fla. 11th Jud. Cir. Ct.). Roberto V. Cuesta was charged with crimes involving the same victim. Cuesta, like Hernandez, was also charged with human trafficking and unlawful use of a communications device. But, unlike Hernandez, Cuesta was also charged with unlawful sexual activity with the minor victim. The court set bond and conditions of release in Cuesta on the human trafficking count which included electronic monitoring.