# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0235
Lower Tribunal No. F20-14357B

_____

**Nathaniel Roberson,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.

A Case of Original Jurisdiction- Habeas Corpus

Law Office of Roderick D. Vereen, Esq., P.A., and Roderick D. Vereen, for petitioner.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for respondent The State of Florida.

Before LOGUE, HENDON and LOBREE, JJ.

HENDON, J.

Nathaniel Roberson ("Petitioner") files this petition for writ of habeas corpus challenging the trial court's denial of his motion for pretrial bond following an Arthur[1] hearing. We deny the petition.

The Petitioner and co-defendants were recorded on CCTV wielding weapons and shooting across the parking lot of a flea market at a group of persons who returned fire. One of the victims, Gregory Boyd, was a bystander. Boyd was shot in the chest by the Petitioner's co-defendant and died. Roberson was charged as a principal with second degree murder with a firearm of Gregory Boyd, the bystander (Count 7); attempted first degree murder with a deadly weapon of Torrance Brown, including the incidental killing of Gregory Boyd (Count 8); attempted first degree murder with a deadly weapon of Jimel Snow (Count 9); attempted first degree murder with a deadly weapon of Leroy Pitts (Count 10); and attempted first degree murder with a deadly weapon of Tory Starr (Count 11).

At the joint Arthur hearing, the Petitioner's defense counsel argued that the Petitioner was not a convicted felon, was not a member of a gang, had a concealed weapon permit, voluntarily came to the police station, gave the detectives a full statement after having been Mirandized, acknowledged that he had a firearm, and acknowledged that he had discharged his firearm

_____

[1] State v. Arthur, 390 So. 2d 717 (Fla. 1980).

during the offense. On reviewing the surveillance video footage from the flea market, numerous exhibits, the transcript of the Petitioner's interview, transcripts of the Petitioner's co-defendants' interviews and identification of the Petitioner, the trial court found the state met its burden of showing, pursuant to Arthur, that proof of guilt was evident and the presumption of guilt was great. The court declined bond, and the Petitioner, through counsel, has filed this emergency petition for writ of habeas corpus. He petitions this Court to "order his release or issue a writ of habeas corpus directing the trial court to conduct a full hearing."

The Petitioner asserts that the court abused its discretion when it denied him bond without considering whether there existed conditions the court could have imposed that would have protected the community and guaranteed the Petitioner's presence in court. He additionally asserts that the charges directed at him as set forth in the information do not charge him as a principal pursuant to section 777.011, Florida Statutes (2022) [2], or

---

[2] Section 777.011, Florida Statutes (2022), provides:

> Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.

allege aiding and abetting, but charge him with premeditation despite the lack of evidence that he pointed his gun at any one in particular or conferred with co-defendants during the offenses.

We review matters relating to the setting of bond and the conditions attached to a defendant's pre-trial release on bond under an abuse of discretion standard. Hernandez v. Roth, 890 So. 2d 1173, 1174 (Fla. 3d DCA 1998).  "Where [a] person accused of capital offense or offense punishable by life imprisonment seeks release on bail, it is within discretion of court to grant or deny bail when proof of guilt is evident or presumption great." State v. Arthur, 390 So. 2d 717 (Fla. 1980). Before release on bail pending trial can be denied in homicide prosecution, the state "must come forward with showing that proof of guilt is evident or presumption is great."  Id.  At an Arthur hearing, the burden falls on the accused to demonstrate the appropriateness of release on bond.[3] Hernandez v. Junior, 46 Fla. L. Weekly D2572 at *2 (Fla. 3d DCA Dec. 1, 2021).

---

[3] As explained in State v. Dixon, 217 So. 3d 1115, 1123–24 (Fla. 3d DCA 2017), section 907.041(3)(a), Florida Statutes provides that, while there exists "a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release," that presumption is limited to persons not charged with a dangerous crime. However, if a person is charged with a dangerous, i.e., "non-bondable" offense, as the Petitioner in this case was, the Legislature has clearly expressed its intent that such persons be held on pretrial detention or released on monetary conditions that will assure the presence of the person at trial and other proceedings, protect the community,

We first address the Petitioner's argument that he was not charged as a principal for the shooting death of the bystander. The record shows that there is a discrepancy between the heading and the body of the information with regard to Count 7, in which the caption omits reference to section 777.011 in that count but includes it in the body of the information.[4] Where there is a discrepancy between the heading and the body of the charging document, the general rule applies that a defect in an information is waived if no objection is timely made so long as the information does not wholly fail to state a crime. State v. Burnette, 881 So. 2d 693, 694 (Fla. 1st DCA 2004). Finding no objection on that basis in the record on appeal, we conclude that the language of section 777.011 clearly encompasses the Petitioner's acts of shooting into a crowd and a co-defendant unintentionally killing a

_____

and assure the integrity of the judicial process. See § 907.041(1), (3). Fla. Stat. (2022).

[4] Although the Petitioner is not the person who actually shot the bystander, Count 7 charges the Petitioner with:

> . . . unlawfully, feloniously and by an act imminently dangerous to another, and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual, kill Gregory Boyd, a human being, by shooting him, and during the course of the commission of the offense, said defendant discharged a firearm . . . in violation of . . . **section 777.011**.

(emphasis added).

5

bystander. See Ford v. State, 306 So. 3d 417, 422 (Fla. 1st DCA 2020) (finding the defendant's act of shooting into a crowd of people was imminently dangerous to human life and demonstrated a depraved mind). In Ford, the First District Court of Appeal found that "even if Ford did not fire the bullet that killed Buckhalter, the evidence was sufficient to convict him as a principal to Davis' shooting of the victim." Id. We conclude that the Petitioner was properly charged as a principal and that this does not alter the outcome of the bond issue on petition for writ of habeas corpus.

The remaining counts applicable to the Petitioner (Counts 8-11), charge him with intent offenses and not as a principal. The state, whose burden it was to show 'proof of guilt evident or presumption great' provided surveillance camera footage of the shooting in which all of the defendants were identified. The video includes footage of the Petitioner, who was identified as one of the persons with a firearm, shooting in the direction of the victims. See State v. Roby, 246 So. 2d 566, 571 (Fla. 1971) (explaining that "it is immaterial whether the indictment or information alleges that the defendant committed the crime or was merely aiding or abetting in its commission, so long as the proof establishes that he was guilty of one of the acts denounced by the statute").

6

We are mindful of the principle that, even when the State makes a strong demonstration of guilt evident or presumption great, it merely establishes that the defendant has no constitutional right to pretrial release on reasonable conditions, and shifts the burden to the defendant, who still has the option of proving certain facts that permit the court to use its discretion to grant pretrial release under sufficient conditions. Reeves v. Nocco, 141 So. 3d 775, 776 (Fla. 2d DCA 2014); see also § 907.041, Fla. Stat. (2022) (providing that persons found to meet specified criteria set forth in that statute shall be released under certain conditions until proceedings are concluded and adjudication has been determined). At an Arthur hearing, once the judge has determined that the prosecution has met its burden that the proof of guilt is evident or the presumption of guilt is great, the defendant may seek pretrial release by virtue of the judge's discretionary power to set a bond. See Arthur, 390 So. 2d 717, 718. The burden is on the defense, using the criteria set forth in section 907.041 to show that conditions exist that would assure the defendant's presence at trial if released on bond. At that point, "because trial judges are in a superior position to determine what conditions will be required to ensure that the defendant will appear at future proceedings and that the defendant is not a risk to the community, a defendant seeking a writ of habeas corpus "must adduce evidence sufficient

7

to overcome the presumption of correctness of the trial court's order." Hernandez v. Roth, 890 So. 2d 1173, 1174 (Fla. 3d DCA 2004) (citing State ex rel. Smith v. Untreiner, 246 So. 2d 158 (Fla. 1st DCA 1971)); see also Arthur, 390 So. 2d at 720 (holding that after considering the defendant's responsive showing, the court finds that the proof is evident or the presumption great, the court then has the discretion to grant or deny bail); Hernandez, 46 Fla. L. Weekly D2572 at *2 ("The specific facts of the case guide the trial court in its determination of the danger posed to the community by the accused, and the reasonableness and appropriateness of pretrial release under those specific circumstances."). In this case, following the trial court's determination that the state had met its burden, the defense made no attempt to seek or invoke the judge's discretionary power to set a bond.

The record of the bond hearing below submitted by the Petitioner in support of his petition for writ of habeas corpus is insufficient to show that the trial court abused its discretion by denying pretrial bond to the Petitioner. See Hernandez v. State, 56 So. 3d 752, 758 (Fla. 2010) ("When reviewing the sufficiency of evidence presented to a trier of fact, our task is not to . . . reweigh the evidence.").

Petition denied.

8