# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1073
Lower Tribunal No. F22-2053C
_____

**Jasmine Martinez,**
Petitioner,

vs.

**Cassandra Jones, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Law Office of Roderick D. Vereen, Esq., P.A., and Roderick D. Vereen, for petitioner.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for respondent The State of Florida.


Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

Jasmine Deandra Martinez files this petition for writ of habeas corpus challenging the trial court's denial of her motion for pretrial bond following a three-day Arthur[1] hearing. We deny the petition.

**I.**

Martinez is charged as a principal with first-degree premeditated murder of LeShonte Jones, attempted murder of Jones' three-year old child and conspiracy to commit murder—with a firearm. Martinez filed a motion for release on bond. The State filed a motion for pretrial detention pursuant to section 907.041, Florida Statutes, and separately requested the case be set for Arthur hearing.

After the three-day hearing, the trial court entered a detailed written order chronicling its findings of fact and conclusions of law—the relevant portion of which we quote below:

> The Court concludes that – for purposes of Martinez's Arthur hearing – Javon Carter murdered LeShonte Jones. The murder was a premeditated hit. There was no interaction between Ms. Jones and her killer and nothing was stolen; it was a cold-blooded, intentional murder . . . . The State introduced strong evidence that Martinez needed to eliminate LeShonte Jones as a witness against Kelly Nelson, one of Martinez's boyfriends. Ms. Jones testified during a deposition that Kelly Nelson and his sister had robbed her and he appeared to be in possession of a firearm at the time. As a

---

[1] State v. Arthur, 390 So.2d 717 (Fla. 1980)

2

result, Kelly Nelson was being held without bond pending trial and faced a mandatory life sentence as a prison release reoffender if he were convicted. Martinez spent months attempt[ing] to convince and/or coerce Ms. Jones into dropping the charges against Kelly Nelson. When her efforts failed, Martinez decided that Ms. Jones had to be eliminated. . . . The evidence introduced at the Hearing supports the State's contention that Martinez premeditated, orchestrated, and funded Ms. Jones' murder in order to eliminate a witness whose testimony threatened to put one of Martinez' boyfriends in prison for life. If Martinez is willing to go to such lengths for a boyfriend, she would constitute and ongoing mortal threat to all of the State's witnesses in this case. The Court could never fashion any conditions of release that would reasonably protect the community from Martinez. Furthermore, given the real possibility of spending the remainder of her life incarcerated, Martinez has little incentive not to flee the jurisdiction if released on bond, especially in light of the strength of the State's case. The Court is not convinced it could fashion conditions of release that would ensure Martinez's presence at trial.

## II.

We review matters relating to the setting of bond and the conditions attached to a defendant's pre-trial release on bond under an abuse of discretion standard. See Hernandez v. Roth, 890 So.2d 1173, 1174 (Fla. 3d DCA 2004). Pursuant to Arthur, "before release on bail pending trial can ever be denied, the state must come forward with a showing that the proof of guilt is evident or the presumption is great. The state's burden, in

3

order to foreclose bail as a matter of right, is to present some further evidence which, viewed in the light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty." Arthur, 390 So. 2d at 720.

Although Martinez argues that most of the evidence presented was circumstantial, we find no abuse of discretion in the trial court's finding that the State met its burden under Arthur that Martinez ordered the hit on Jones. The State presented a bevy of evidence demonstrating Martinez hired Javon Carter to murder the victim to prevent her from testifying against her boyfriend Kelly Nelson in Nelson's trial for armed robbery. [2]

### III.

Pursuant to Arthur, after the State meets its burden the trial court has discretion to grant or deny bail. When the trial court is determining this question, "the burden is on the accused to demonstrate that release on bail is appropriate. It is with regard to this question that consideration of the likelihood that the accused will flee, regardless of the sureties required,

---

[2] The state introduced numerous jail calls between Martinez, Nelson, Romel Robinson and Javon Carter. In the calls, Martinez repeatedly stated she wanted to "kill that hoe" (Jones) and that "she has to die." The calls detailed the plan and price of Jones' murder. One call details Carter's objection to an attempt to negotiate the price down from $15,000. While Martinez's counsel argues these calls were made regarding a different matter, there was no abuse of discretion in the trial court's conclusion that the calls demonstrated Martinez hired Carter to kill Jones.

becomes appropriate." Arthur, 390 So. 2d at 720. Here, the trial court found Martinez was not entitled to release on bail under the circumstances.

Under Florida law a trial court's order on bond is presumed to be correct and a petitioner seeking to challenge a trial court's determination on bond must present evidence to overcome that presumption. See Hernandez v. Roth, 890 So. 2d 1173, 1174 (Fla. 3d DCA 2004) ("Because trial judges are in a superior position to determine what conditions will be required to ensure that the defendant will appear in future proceedings and that the defendant is not a risk to the community, a defendant seeking a writ of habeas corpus 'must adduce evidence sufficient to overcome the presumption of correctness of the trial court's order.'" (quoting State ex rel. Smith v. Untreiner, 246 So. 2d 158, 159 (Fla. 1st DCA 1971))).

Martinez fails to overcome the presumption of correctness of the trial court's order. Further, we find no error in the trial court's well-reasoned order denying pre-trial release finding Martinez is a danger to the community, to any potential witnesses in the case against her and there are no conditions of release that would assure her presence at trial or protect the safety of the community.

Denied.