PER CURIAM.
This is an appeal from an order finding that appellant violated the terms of her probation, adjudicating her guilty of the underlying offense, and placing her on community control. Upon examination of the record it is apparent that appellant’s admission of guilt to the violation was made because the trial court had an arbitrary policy of refusing prehearing release to persons charged with a violation of probation regardless of the nature or circumstances of the alleged violation or any other relevant considerations. A trial court may not refuse to consider pre-hearing release as a matter of “policy.” Glosson v. Solomon, 490 So.2d 94 (Fla. 3d DCA 1986).
The appellant stated that she feared the loss of her job if she remained incarcerated pending a probation violation hearing, and agreed to a guilty plea based upon the trial court’s indication that that was the only way she could be released before the hearing. The trial court also required that she agree to be adjudicated guilty of the underlying offense. The appellant has completed her community control but seeks an opportunity to set aside her conviction. While we are sympathetic to appellant’s position, we do not believe it appropriate for such a plea to be attacked on direct appeal. Accordingly, we affirm, but we do so without prejudice to the appellant to request the trial court to allow her to withdraw her plea of guilty to the probation violation.
ANSTEAD, LETTS and DELL, JJ., concur.