SCHWARTZ, Chief Judge.
The trial judge declined to consider testimony relating to the defendant Lawyer’s amenability to bond, because of an acknowledged blanket policy that he would not grant pre-trial release, regardless of the defendant’s circumstances, in any armed robbery case in which, as here, the proof is evident and the presumption great.[1] *37 This was clearly impermissible. Under State v. Arthur, 390 So.2d 717, 719 (Fla.1980), the trial court is required in any life felony case to exercise its discretion as to whether bail should or should not be allowed upon consideration of the entire factual background. See Glosson v. Solomon, 490 So.2d 94 (Fla. 3d DCA 1986) (improper to deny pre-probation hearing release in every case as matter of policy); see also Chambers v. State, 491 So.2d 309 (Fla. 4th DCA 1986) (same).
Accordingly, the instant petition for ha-beas corpus is treated as one for mandamus. We grant the writ and direct the trial court forthwith to hear, consider and determine the petitioner’s application for pre-trial release on its merits.
Mandamus granted.[2]

. The following appears in the transcript of the ‘bond hearing”:
*37 THE COURT: I don t care what their ties to the community are. If you tell me it’s really a strong-arm robbery, then I would like to hear what the Arthur Hearing has to say.
But since you are waiving that, that’s your problem or business, whatever you want to call it.
If the State is willing to stipulate to a bond, I have no problem with that. They have voiced their objection to it.
I have no reason to give a bond. The ties to the community mean absolutely nothing. They do not affect the victim being robbed at gunpoint.
If you tell me there is some question as to that, then it’s a different ball game.
MR. SINGER: If I’m reading you correctly, then you are saying that an armed robbery situation where the proof is evident, the presumption great, you would not set a bond regardless of any other circumstance, regarding ties to the community or showing that he would appear for trial?
Is that correct?
THE COURT: If that’s what you want me to say, I’ll say it exactly the way you say it, with an exclamation point and say not only that, but that I have never done it in the past and I will never do it in the future, okay?
You tell me that the proof is evident and the presumption great, the law gives me the discretion, I can’t consider it discretionary at all.
As far as I’m concerned, my discretion has been well thought out in the past, in the future and armed robbers are not entitled to bond.
It's my discretionary desire that they stay in jail because I know as a matter of fact that if armed robbers are convicted, there is a minimum mandatory of three years in the State Penitentiary.
So, their being in jail for a little while doesn’t affect me giving up their rights in any way whatsoever.

. Rehearing is dispensed with.