773 So.2d 564 (2000)
Michael BRACKETT, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-3061.
District Court of Appeal of Florida, Fourth District.
September 22, 2000.
*565 Carey Haughwout of Tierney & Haughwout, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie A. Dale, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner is charged with violating section 794.011(2)(a), Florida Statutes (1999), a capital felony, by "inserting his finger into [a child's] vagina." Bond was denied at the first appearance, pending a full bond hearing before the judge to whom the case was assigned.
Petitioner filed a motion to set bond. At the July 31, 2000 bond hearing the state relied on the sworn probable cause affidavit to demonstrate that the proof of petitioner's guilt was evident or that the presumption that he committed the offense was great. The trial court denied petitioner the opportunity to present the testimony of witnesses, ruling that "[t]heir testimony [was] irrelevant."
The state may properly rely on affidavits at a bond hearing to show that the proof of a defendant's guilt is evident or the presumption is great. See State v. Arthur, 390 So.2d 717, 720 (Fla.1980); Kinson v. Carson, 409 So.2d 1212, 1213 (Fla. 1st DCA 1982).
In cases where a defendant is charged with a capital offense or an offense punishable by life imprisonment, and the state has demonstrated that the proof of guilt is evident and the presumption is great, Arthur contemplates a full hearing where "the accused may still come forward with a showing addressed to the court's discretion to grant or deny bail." 390 So.2d at 719. Of course, "the burden is on the accused to demonstrate that release on bail is appropriate." Id. at 720. In this case, the trial court improperly declined to consider any testimony. See Lawyer v. Crawford, 517 So.2d 36 (Fla. 3d DCA 1987).
We grant the petition for writ of habeas corpus and direct the trial court to hold a new bond hearing where it shall afford petitioner an opportunity to present witnesses pertaining to all aspects of the bond issue, including whether his guilt is evident or the presumption is great. The testimony may also concern petitioner's amenability to bond, which is addressed to the court's discretionary decision as to whether bail should or should not be allowed. After allowing petitioner to present such testimony, the trial court shall determine petitioner's application for bond on the merits.
DELL, STEVENSON and GROSS, JJ., concur.