952 So.2d 1289 (2007)
Joshua David HOLLANDER, Petitioner,
v.
Robert L. CROWDER, Sheriff of Martin County, Respondent.
No. 4D07-1176.
District Court of Appeal of Florida, Fourth District.
April 13, 2007.
Samuel J. Montesino of Samuel J. Montesino, P.A., West Palm Beach, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant *1290 Attorney General, West Palm Beach, for respondent.
TAYLOR, J.
Petitioner Joshua David Hollander seeks habeas corpus and mandamus relief from his detention on bond set at $200,000 for trafficking in cocaine. Because his claim challenges the legality of his detention on this bond, we will treat this as a habeas corpus petition. We grant the petition for writ of habeas corpus and remand for a new determination of reasonable bail.
The record indicates that the bond set at petitioner's first appearance was set according to a bond schedule; the court declined to consider the factors for bond and release set forth in the criminal procedure rules, including the nature and circumstances of the offense charged, the weight of evidence against petitioner, family ties, length of his residence in the community, employment history, financial resources, mental condition, past and present conduct, previous convictions, previous flight to avoid prosecution or failure to appear at court proceedings, nature and probability of danger that release poses to the community, source of funds to post bond, whether petitioner was on release or probation or parole, and other factors. See Fla. R.Crim. P. 3.131(b)(3); § 903.046, Fla. Stat.
Florida Rule of Criminal Procedure 3.131(b)(2) provides that the judge "shall at the defendant's first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant's appearance. If a monetary bail is required, the judge shall determine the amount." The conditions of release and the amount of bond are based on the criteria mentioned in rule 3.131(b)(3).
We reject the state's suggestion that the defendant has the burden to file a motion to reduce bond before the court is required to consider these criteria. Further, courts have recognized that bond may be set in amounts higher than, or lower than, a bond schedule for the offense charged when justified by consideration of the applicable statutory criteria. See Cameron v. McCampbell, 704 So.2d 721 (Fla. 4th DCA 1998); Rawls v. State, 540 So.2d 946 (Fla. 5th DCA 1989). A first appearance hearing at which bond could be set simply based on a schedule, without consideration of the other criteria listed above, would render the rule and statute meaningless. All persons charged with a particular offense could receive the same bond amount, regardless of their history, the circumstances, and their resources. This is not contemplated by the law.
Accordingly, we grant this petition and remand for a new bond hearing as soon as practicable at which the court shall consider all relevant factors in setting a reasonable bond in this case. Fla. R.Crim. P. 3.131; § 903.046, Fla. Stat.
FARMER and GROSS, JJ., concur.