962 So.2d 417 (2007)
Robert BAEHREN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-3142.
District Court of Appeal of Florida, Fourth District.
August 20, 2007.
Robert Baehren, Stuart, pro se.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Robert Baehren petitions this court for a writ of habeas corpus seeking reinstatement of his pretrial bond. His bond was revoked pursuant to section 903.0471, Florida Statutes, after the trial court found probable cause to believe he committed a new offense while on pretrial release. The court found probable cause based on Baehren's arrest for identity theft and grand theft in a new case.
Baehren subsequently moved the trial court for an emergency bond hearing and reinstatement of his bond after the state filed a "no information" indicating that it did not intend to file charges in the new case. See Lovelace v. State, 906 So.2d 1258, 1259 (Fla. 4th DCA 2005) (observing "A `no information,' which is synonymous with `no action,' is filed by a prosecutor for the purpose of letting a person who has *418 been arrested know that an information will not be filed or an indictment will not be sought."). Baehren also provided affidavits from the alleged victims stating that he did not use their identity and that they did not want to prosecute. Following a non-evidentiary hearing, the trial court denied his motion.
The state's notice that it does not intend to file charges in the new case along with the affidavits from the alleged victims tend to show that no new crimes were committed. Accordingly, we grant the petition for writ of habeas corpus and remand for the trial court to hold an evidentiary hearing to determine whether there is any evidence to sustain a finding that Baehren committed a new offense while he was on pretrial release. If there is no longer probable cause to believe that he committed a new offense, the trial court shall reinstate the bond.
STONE, FARMER and MAY, JJ., concur.