PER CURIAM.
Through a petition for writ of habe-as corpus, petitioner contests the trial court’s setting of bail at $102,000 for multiple charges arising out of the discovery of a marijuana “grow lab.” Because the first appearance judge failed to conduct any hearing at all with respect to the amount of the bond, and simply set the amount in accordance with a bond schedule for each count, the trial court did not consider any factors required pursuant to Florida Rule of Criminal Procedure 3.131(b)(3). See Hollander v. Crowder, 952 So.2d 1289 (Fla. 4th DCA 2007); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). We thus grant the petition and remand for the trial court to set a hearing as soon as practicable at which time the court shall consider the relevant criteria for setting a bond. Id.; see also Fla. R.Crim. P. 3.131(b)(3). Petitioner may raise his remaining arguments regarding the multiplicity of the charges as part of that consideration.
In addition, the court must reconsider the probable cause finding with respect to the multiple counts of violation of section 893.147(2)(a), Florida Statutes, which involved the manufacture or delivery *246 of drug paraphernalia. The only information available to the court was that these charges stemmed from a “complete 2 [room] grow lab.” This fact provides no probable cause for the manufacture or delivery of drug paraphernalia.
Petition granted and remanded for a new bond hearing.
WARNER, KLEIN and STEVENSON, JJ., concur.