PER CURIAM.
 

 Petitioner, Benny Rosa, is charged with one count of burglary of a conveyance with assault or battery, a first degree felony
 
 [1]
 
 and one count of criminal mischief. While the petitioner was represented by the public defender, bond was denied at first appearance for the felony charge. Subsequently, private counsel was retained by Mr. Rosa and a second motion was filed requesting either that he be released on his own recognizance, or that the court set reasonable bond.
 
 [2]
 
 The trial court without a hearing again denied bond, referring to the first denial. Petitioner contends that the failure to afford him a full bond hearing was error and seeks habeas corpus relief. We agree.
 

 In cases in which a criminal defendant is charged with a capital offense or an offense punishable by life imprisonment, and the State has demonstrated that the proof of guilt is evident and the presumption is great, a full hearing must still be afforded at which the accused may come forward to present testimony of witnesses pertaining to his or her guilt and the defendant’s amenability to bond. In the present case the trial court improperly failed to hold such a hearing prior to denial of the motion.
 
 See Brackett v. State,
 
 773 So.2d 564 (Fla. 4th DCA 2000).
 

 We, accordingly, grant the petition for writ of habeas corpus and direct the trial court to hold a bond hearing at which it shall afford the petitioner an opportunity to present witnesses with regard to bond.
 

 PETITION GRANTED and REMANDED WITH INSTRUCTIONS.
 

 MONACO, C.J., PALMER and EVANDER, JJ., concur.
 

 [1]
 

 . § 810.02(2)(a), Fla. Stat. (2009).
 

 [2]
 

 . It does not appear that the State filed a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132.