MORRIS, Judge.
 

 Keith Greenwood and Merrick Rice filed a joint petition for writ of habeas corpus challenging the procedure employed by the circuit court to determine pretrial release at their first appearance hearing.
 
 [1]
 
 A petition for writ of habeas corpus in the appellate court is the appropriate way to challenge a trial court’s ruling on the conditions of pretrial release.
 
 See State ex rel. Scaldeferri v. Sandstrom,
 
 285 So.2d 409, 412-13 (Fla.1973);
 
 Hollander v. Crowder,
 
 952 So.2d 1289, 1289 (Fla. 4th DCA 2007). Even though both defen
 
 *1280
 
 dants subsequently filed successful motions to reduce bond, the petition is not moot because the error is capable of repetition but evading review.
 
 See Kelley v. Rice,
 
 800 So.2d 247, 250 (Fla. 2d DCA 2001).
 

 Article I, section 14 of the Florida Constitution guarantees the right to pretrial release of all defendants charged with criminal offenses except those charged with capital felonies and certain life felonies. Florida Rule of Criminal Procedure 3.131(b)(1) states that unless the State has filed a motion for pretrial detention pursuant to rule 3.132, the court, at first appearance, “shall conduct a hearing to determine pretrial release.” Rule 3.131(b)(2) states that “[t]he judge shall at the defendant’s first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant’s appearance.” Rule 3.131(b)(3) states:
 

 In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law; the weight of the evidence against the defendant; the defendant’s family ties, length of residence in the community, employment history, financial resources, need for substance abuse evaluation and/or treatment, and mental condition; the defendant’s past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings; the nature and probability of danger that the defendant’s release poses to the community; the source of funds used to post bail; whether the defendant is already on release pending resolution of another criminal proceeding or is on probation, parole, or other release pending completion of sentence; and any other facts the court considers relevant.
 

 In the present case, the petitioners are West Virginia residents with no apparent Florida ties. They were both arrested and charged with trafficking in oxycodone and conspiracy to traffic in oxy-codone. At the first appearance hearing, the State advised the trial court that both petitioners faced a twenty-five-year minimum mandatory prison sentence. Based on this information, the court set a total bond amount for each petitioner of $250,000; $200,000 for count one and $50,000 for count two. While the trial court, in setting bond, may consider all of the factors set forth in rule 3.131(b)(3), the primary starting point is the nature of the offense charged. This is especially true in drug cases, which the legislature has singled out as being appropriate for high bonds.
 
 See
 
 § 903.046(2)(h), Fla. Stat. (2010).
 
 [2]
 
 It is well settled that the trial court’s exercise of its sound discretion in determining an appropriate bond comes to this court cloaked with the presumption of correctness.
 
 See State ex rel. Smith v. Untreiner,
 
 246 So.2d 158, 159 (Fla. 1st DCA 1971). However, these petitioners do not challenge the amount of their bonds, which were ultimately reduced at a subsequent bond hearing. Rather, they challenge the sufficiency of their first appear-
 
 *1281
 
 anee hearing, contending that the trial court would not allow them to address certain factors set forth in rule 3.131(b)(3).
 

 When challenged by trial counsel at the first appearance hearing in regard to the court’s obligation to consider the factors set forth in section 903.046(2),
 
 [3]
 
 which counsel contended was required by the Fourth District’s decision in
 
 Hollander,
 
 the court responded, “I do [consider them].” However, instead of allowing the petitioners to testify accordingly under oath, the court directed them to file motions for bond reduction, at which time they would be given a much greater opportunity to present evidence so that the matter could be more carefully considered by the court. At Greenwood’s first appearance hearing, the trial court heard argument from trial counsel regarding the defendant’s employment history and his status as the sole provider for his family. With regard to Rice, in denying trial counsel’s request that he be put under oath to testify, the court stated, “[The] court has concerns that you might say something also to violate your Fifth Amendment right to remain silent.”
 

 The trial court’s obligation is to hold a first appearance hearing. The court may exercise reasonable discretion in determining the appropriate amount of time for the hearing and the number of witnesses who may testify.
 
 See Brown v. State,
 
 894 So.2d 137, 154 (Fla.2004) (holding that “matters regarding the length of legal argument and the length of a proceeding generally fall within a trial court’s discretion”). Nevertheless, the court must at least give the defense a reasonable amount of time to respond to the State’s presentation and, at the very least, must allow the defendant, upon request, to be sworn in and to briefly testify as to the relevant factors.
 

 Given the long list of factors to be considered under rule 3.131 and the significant number of defendants present at the typical first appearance hearing on any given day in a busy urban court, it can be very challenging for a trial judge to provide an extensive hearing for each defendant within the time allotted at a first appearance. Clearly, a more thorough hearing on the matter could be held on a motion to reduce bond, which would allow trial counsel time in which to locate and present witnesses and to otherwise be prepared. Additionally, at a hearing on a motion to reduce bond, more time would likely be available to the defendant to present his case because such a motion probably would be heard on a far less congested calendar. Even in light of these practical realities, however, it is error for the trial court to refuse to give defendants at least a very brief opportunity to be heard at the first appearance hearing if they insist on it, even if defendants might be better served by a later hearing.
 

 Accordingly, the petition is granted.
 

 WHATLEY and SILBERMAN, JJ., Concur.
 

 [1]
 

 . Both petitioners appeared on the same day and were represented by the Office of the Public Defender.
 

 [2]
 

 . Section 903.046(2)(h) states:
 

 It is the finding and intent of the Legislature that crimes involving drugs and other controlled substances are of serious social concern, that the flight of defendants to avoid prosecution is of similar serious social concern, and that frequently such defendants are able to post monetary bail using the proceeds of their unlawful enterprises to defeat the social utility of pretrial bail. Therefore, the courts should carefully consider the utility and necessity of substantial bail in relation to the street value of the drugs or controlled substances involved.
 

 [3]
 

 . The factors to be considered in determining whether to release a defendant on bail or other conditions that are set forth in rule 3.131(b)(3) are also contained in section 903.046(2), except that the rule also allows the trial court to consider the defendant’s "need for substance abuse evaluation and/or treatment.” While the rule states that the trial court "may” consider the various factors, the statute states that the trial court "shall” consider them.