PER CURIAM.
Timothy Vann Knight petitioned this court for a writ of habeas corpus, contending that he was being illegally held on an excessive amount of bail after the circuit court sua sponte modified his bond. We granted relief in a previous order and directed the trial court to reinstate the bond in the amount originally set. This opinion now follows.
In ease number 14-CF-1366, Mr. Knight was arrested and originally charged with burglary of an unoccupied structure (count one), third-degree grand theft (count two), obstructing an officer without violence (count three), and possession of cannabis (count four). He posted a $5000 bond and was released. Mr. Knight was subsequently charged in case number 14-CF-1796 with burglary of an unoccupied dwelling (count one) and third-degree grand theft (count two), both of which occurred prior to Mr. Knight’s arrest and release in case number 1366, and he turned himself over to law enforcement. The trial court, noting Mr. Knight had neither committed new offenses nor violated conditions of his release' and had been “cooperative,” set his bond at $500 for counts one and two in case number 1796. Two days later, the trial court reset bond in case number 1366 at $2000 for counts one and two and at $500 for counts three and four. Mr. Knight posted $6000 bond for both cases and was released.
*475 On April 9, 2014, prior to a previously scheduled pretrial hearing, the State filed a superseding information in case number 1366, amending count one to burglary of an unoccupied dwelling because the original charge of burglary of an unoccupied structure was the result of a scrivener’s error. At the hearing, a new trial judge arraigned Mr. Knight on the superseding information in case number 1366 and set his bond at $10,000 on the amended count one, $5000 on count two, and $1000 on counts three and four. The court then modified his bond in case number 1796 by increasing count one to $7500 and count two to $2000. The court explained that it was increasing the original low bond amount to “about the standards” based on the prosecutor’s allegation that Mr. Knight was not cooperating with law enforcement in the manner anticipated when the low bond was originally set. However, the hearing transcript does not show that the State “applied] for modification of bail by showing good cause and with at least 3 hours’ notice to the attorney for the defendant.” Fla. R. Crim. P. 3.131(d)(2). Although a trial court may sua sponte “revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release,” § 903.0471, Fla. Stat. (2013), it has no authority to increase a defendant’s bond on its own motion. See Simmons v. State, 915 So.2d 732, 733 (Fla. 2d DCA 2005).
At the conclusion of the April 9 hearing, the court ordered the State to produce the law enforcement officer to testify about the failed cooperation agreement at an eviden-tiary hearing to be held on April 14. Mr. Knight then filed this petition for writ of habeas corpus.
At the April 14 hearing, the law enforcement officer verified that the prosecutor and the original trial judge had reached an off-the-record agreement to set Mr. Knight’s bond at a low amount so that Mr. Knight could assist the law enforcement officer, but Mr. Knight failed to cooperate. After hearing this testimony, the trial court acknowledged it lacked authority to sua sponte increase Mr. Knight’s bond at the April 9 hearing. However, the court expressed doubts about its jurisdiction to amend the bond while Mr. Knight’s petition was pending in this court, so it refused to enter further orders modifying the bond.[1] But the trial court also found that, based on the law enforcement officer’s testimony and other information received about the situation leading to the low amount of bond originally set, it would not modify the bond back to the original amount even if it had jurisdiction to do so. However, the trial court failed to acknowledge the crucial problem in this case: the State has never properly moved to modify bail under Florida Rule of Criminal Procedure 3.131(d)(2).
After the April 14 hearing, Mr. Knight remained detained under a bond that was unlawfully increased by the court at the April 9 hearing, and to our knowledge the State had not filed a motion to modify his bond. For this reason, we granted the petition and remanded for the trial court to reinstate the original bond amounts in *476 case numbers 1366 and 1796. This decision was without prejudice for the State to apply for modification of Mr. Knight’s bail pursuant to rule 3.131(d)(2).
Petition granted.
CASANUEVA, LaROSE, and CRENSHAW, JJ„ Concur.

. The circuit court had jurisdiction to modify its bond order. The purpose of a habeas petition is to test the legality of detention or restraint, Henry v. Santana, 62 So.3d 1122, 1124-25 (Fla.2011), not to review the merits of a trial court order. Although the court’s entry of an order favorably modifying the petitioner’s bond might have rendered this petition moot, the circuit court nevertheless retained the power to reconsider its order during the pendency of this original proceeding in this court. Cf. Greenwood v. State, 51 So.3d 1278, 1279-80 (Fla. 2d DCA 2011) (“Even though both defendants subsequently filed successful motions to reduce bond, the petition is not moot