On Petitioner’s Motion, for Clarification

Gerber, J.
We grant the defendant-petitioner’s motion for clarification, withdraw this Court’s opinion issued May 10, 2017, and substitute this opinion.
The defendant petitions for a writ of habeas corpus. He is charged with numerous first.degree felonies punishable by life. He argues that the first appearance judge erred in holding him without bond without determining whether the probable cause affidavit established that proof of guilt was evident or the presumption was great. We agree that the first appearance judge erred in this regard. However, we conclude the error was harmless because the probable cause affidavit establishes that proof of the defendant’s guilt is evident and the presumption is great. Therefore, we deny the petition without prejudice for petitioner to request an Arthur[1] hearing before the assigned judge.

Procedural History

At first appearance, the judge found probable cause for the offenses. The State asked that the defendant be held without bond, arguing that the probable cause affidavit established proof of guilt was evident or the presumption was great.
The defendant responded that the State had not expressed an intent to file a motion for pretrial detention and that he • could not be detained without bond based on only a probable cánse finding. The defendant asked that, if the first appearance judge was finding only probable cause, then the State should be required to file a motion for pretrial detention to be heard by the judge to whom the case would be assigned.
The State replied that it had not filed a motion for pretrial detention, and it was asking that the defendant be held without bond* because the defendant was charged with offenses punishable by life and the probable cause, affidavit established proof of guilt was evident or the presumption was great.
The first appearance judge believed that, pursuant to Brackett v. State, 773 *5 So.2d 564 (Fla. 4th DCA 2000), it could order the defendant held without bond at first appearance pending an Arthur hearing with the judge to whom the case would be assigned. The defendant objected that the first appearance judge would at least have to make a finding that proof of guilt was evident or the presumption was great. However, the first appearance judge stated that he read Brackett to indicate that the “proof evident, presumption great” finding does not have to occur at first appearance, and that “a full evidentiary Arthur hearing with witnesses, subpoenas, sworn statements is most appropriate” with the judge to whom the case would be assigned. The first appearance judge concluded by suggesting that defense counsel seek relief from this Court.
This petition followed. The defendant argues that the first appearance judge erred in holding him without bond without determining whether the probable cause affidavit established that proof of guilt was evident or the presumption was great. In its response to this Court’s order to show cause, the State acknowledges that the “first appearance [judge] may have misinterpreted Brackett’s requirement that the first appearance [judge] make the determination whether the State satisfied ‘the proof of guilt evident and the presumption great’ standard.” However, the State argues that the first appearance judge could have made such a finding based on the probable cause affidavit.

Analysis

Article I, Section 14 of the Florida Constitution provides:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
Art. I, § 14, Fla. Const. These provisions also are codified within Florida Rule. of Criminal Procedure 3.131(a). As our supreme court held in State v. Paul, 783 So.2d 1042 (Fla. 2001):
[T]he Florida Constitution [provides] two broad categories in which a person charged with a crime could be denied the right to be released on bond: (1) where the person is accused of a capital crirrie or an offense punishable by life imprisonment where the proof of guilt is evident and the presumption great; or (2) where no condition of release can reasonably protect the community, assure the presence of the accused or assure the integrity of the judicial process.
Id. at 1045.
The instant case involves only the first of these two categories under Article I, Section 14. This first category was the focus of our supreme court’s review in State v. Arthur, 390 So.2d 717 (Fla. 1980).
In Arthur, our supreme court, interpreting Article I, Section 14, held that, even where the proof of guilt is evident or the presumption is great, “the accused may still come forward with a showing addressed to the court’s discretion to grant or deny bail.” Id. :at 719. The court then held, on the burden of proof, that “before release , on bail pending trial can ever be denied, the state must come forward with a showing that the proof of guilt is evident or the presumption is great.” Id. at 720 (emphasis added). The court explained:
Simply to present the indictment or information is not sufficient. The state’s *6 burden, in order to foreclose bail as a matter of right, is to present some further evidence which, viewed in the light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty. This is the predominant view among jurisdictions with similar constitutional provisions. The state can probably carry this burden by presenting the evidence relied upon by the grand jury or the state attorney in charging the crime. This evidence may be presented in the form of transcripts or affidavits. If, after considering the defendant’s responsive showing, the court finds that the proof is evident or the presumption great, the court then has the discretion to grant or deny bail. On this issue, the burden is on the accused to demonstrate that release on bail is appropriate. ...
Id. (emphasis added; internal citation omitted).
Because the state can carry its burden that proof of guilt is evident or the presumption is great by presenting the evidence relied upon by the state attorney in charging the crime, i.e,, the probable cause affidavit, an Arthur hearing is not required at first appearance. In other words, if a defendant is charged with a capital offense or an offense punishable by life imprisonment, and the first appearance judge finds that the probable cause affidavit (or other materials presented by the State) establishes proof of guilt is evident or the presumption is great, then the defendant can be held without bond at first appearance. The defendant then may request the judge to whom the case is assigned for an Arthur hearing to set bond.
This procedure is consistent with our decision in Brackett v. State, 773 So.2d 564 (Fla. 4th DCA 2000). In Brackett, the petitioner was charged with a capital offense. Id. at 565. “Bond was denied at the first appearance, pending a full bond hearing before the judge to whom the case was assigned.” Id. The petition for writ of habeas corpus arose because, at the full bond hearing, after the state relied on the probable cause affidavit to demonstrate that the proof of guilt was evident or the presumption was great, the trial court denied the petitioner the opportunity to present the testimony of witnesses, ruling that “[t]heir testimony [was] irrelevant.” Id. We granted the petition because “Arthur contemplates a full hearing where ‘the accused may still come forward with a showing addressed to the court’s discretion to grant or deny bail,’ ... and the trial court improperly declined to consider any testimony.” Brackett, 773 So.2d at 565 (quoting Arthur, 390 So.2d at 719); see also Rosa v. State, 21 So.3d 115 (Fla. 5th DCA 2009).
This procedure also is consistent with the Second District’s recent decision in Preston v. Gee, 133 So.3d 1218 (Fla. 2d DCA 2014). In Preston, the first appearance judge ordered the defendant held without bond based solely on the judge’s review of the “criminal report affidavit” prepared by a police officer. Id. at 1220. The defendant argued that the first appearance judge erred in finding that proof of guilt was evident or the presumption was great without conducting an evidentia-ry hearing and taking testimony. Id. at 1225. The Second District disagreed that the judge was required to take testimony. Id. Our sister court reasoned: “Arthur makes clear that the parties may make their respective showings by submitting affidavits or transcripts of sworn testimony.” Id. at 1225-26. Nevertheless, our sister court granted the defendant’s petition on the ground that the criminal report affidavit’s contents failed to establish that proof of guilt was evident or the presumption was great. Id. at 1226-27.
*7 What makes the instant case unique is that the first appearance judge ruled it did not have to make any finding whether the probable cause affidavit established that proof of guilt was evident or the presumption was great. The first appearance judge erred in this regard. To allow the State to hold the defendant without bond pending an Arthur hearing with the judge to whom the case would be assigned, the first appearance judge was required to find that the probable cause affidavit (or other materials before the court) established that proof of guilt was evident or the presumption was great.
Nevertheless, we conclude the error was harmless. Whether the probable cause affidavit establishes that the proof of the defendant’s guilt is evident or the presumption is great is a pure question of law and, therefore, subject to the de novo standard of review. See State v. S.M., 131 So.3d 780, 784 (Fla. 2013) (where a petition for a writ of habeas corpus presents a pure question of law, the petition is subject to the de novo standard of review). We have reviewed the probable cause affidavit, which establishes that proof of the defendant’s guilt is evident and the presumption is great. Without going into great detail, we will merely state here that the police allegedly obtained physical evidence corroborating the victim’s account, and the defendant allegedly made post-Miranda incriminating statements to the police.
Thus, no useful purpose would be served in remanding for another hearing before the first appearance judge. As in Brackett, the defendant can request the judge to whom the case is assigned to conduct a full Arthur hearing where the defendant can challenge the state’s proof and seek to “demonstrate that release on bail is appropriate.” Arthur, 390 So.2d at 720.

Petition denied without prejudice for further proceedings consistent with this opinion.

Ciklin, C.J., and Levine, J., concur.

. State v. Arthur, 390 So.2d 717 (Fla. 1980).