PER CURIAM. James Anthony Eckford, Jr. (Petitioner) petitions this Court for a writ of' habeas corpus arguing that he is being illegally detained without the benefit of a pretrial bond hearing. As explained below, we agree and grant the petition. Petitioner was charged by information with attempted robbery and arrested. His defense counsel filed a motion suggesting Petitioner was not competent to proceed and requested a hearing. Petitioner was evaluated by Dr. Eric Mings, who' opined that Petitioner was not competent. Thereafter, the trial court ordered a second evaluation by Dr. Daniel P. Tressier. On March 28, 2016, before that second evaluation was perforhied, Petitioner posted bond, and the evaluation was rescheduled. The second evaluation was then repeatédly rescheduled; until a competency hearing was held- on September 15, 2016. At that hearing defense counsel confirmed that'the evaluation had taken place, but the doctor required more records to prepare a written report. The written report was submitted to the court on October 14, 2016, but the doctor still required Petitioner’s school records, prompting the court to direct defense counsel to provide those records and setting a competency hearing for December 1, 2016.- Petitioner failed to appear at that competency hearing, and the State requested that a third-evaluation be ordered due to concerns that the first evaluation conducted by the defense had become stale. Thus, the court ordered the third evaluation, issued a capias warrant for Petitioner due to his failure , to appear, revoked Petitioner’s bond, and set a. status hearing for February. 16, 2017. By the time of that status hearing, a new judge was assigned to the case, and he vacated the previous order, for a third evaluation due to the active warrant. The warrant was finally executed on November 1, 2017, while Petitioner was being held in St. Lucie County. Jail. Petitioner was brought before the court on November 8, 2017, his bond was revoked, and he was held without bond. Petitioner’s counsel filed a motion to set bond at $5,000 on November 21,2017. A bond hearing was set for November 29,- 2017, and while the trial court recognized Petitioner could still be entitled to bond despite his prior failure to appear, it declined to hear the motion. The trial court seemed concerned that the undecided question of Petitioner’s competency might frustrate the normal bond process, and in an abundance of caution postponed the issue until after a competency - hearing. As a result, Petitioner seeks a writ of habeas corpus, challenging his pre-trial detention .without bond. The State correctly concedes that Petitioner is entitled to a bond hearing, notwithstanding the suggestion of incompetency. Accordingly, we grant the petition, and direct the lower court to hold a proper bond hearing, unless it determines that Petitioner will not submit to the next scheduled evaluation. Fla. R. Crim. P. 3.210(b)(3); Rosa v. State, 21 So.3d 115, 116 (Fla. 5th DCA 2009). PETITION GRANTED. EVANDER, BERGER and WALLIS, JJ., concur.