DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BERNARDO GRAY,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-2373

_____

**SCHADRAC JEAN FRANCOIS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-2374

_____

**FREDERY LEON DUARTE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-2375

_____

**HERBERT BARR,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-2376

[ October 10, 2018 ]

Consolidated petitions for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case Nos. 18-009400 CF10A, 18-009343 CF10A, 18-009564 CF10A and 18-009437 CF10A.

Howard Finkelstein, Public Defender, and Lisa S. Lawlor, Assistant Public Defender, Fort Lauderdale, for petitioners.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don Rogers, Assistant Attorney General, West Palm Beach, for respondents.

TAYLOR, J.

The petitioners are defendants in the criminal division of the Seventeenth Judicial Circuit, Broward County, challenging their pretrial detention without bond. Each defendant in this consolidated proceeding is charged with a felony punishable by life. At the defendants' first appearance, the presiding judge found probable cause as to their charges and refused to set bond without first determining whether the probable cause affidavit or other materials established that proof of guilt was evident or the presumption was great. *See* Fla. R. Crim. P. 3.131(b) (requiring the court at first appearance to determine pretrial release conditions for eligible defendants unless the State has moved for pretrial detention). Petitioners argue that the refusal to set bond or make the required findings violates article I, section 14 of the Florida Constitution, *State v. Arthur*, 390 So. 2d 717 (Fla. 1980), and fails to follow our holding in *Ysaza v. State*, 222 So. 3d 3 (Fla. 4th DCA 2017).

In *Ysaza*, we held that at a first appearance hearing the presiding judge is required to make a finding as to whether the probable cause affidavit or other materials presented to the court establish that proof of guilt is evident or the presumption great as a basis for denying pretrial release

2

without bond.  We explained that if the first appearance court finds that this standard has been met and declines to set bond, the defendant can later move to set bond and request a full *Arthur* hearing, where the defendant has a right to present evidence and to ask the court to exercise its discretion to set bond.  *Id.* at 6 (citing *Brackett v. State*, 773 So. 2d 564 (Fla. 4th DCA 2000)).  However, to hold the defendant without bond pending an *Arthur* hearing, the first appearance judge is "required to find that the probable cause affidavit (or other materials before the court) establishe[s] that proof of guilt is evident or the presumption great." *Ysaza*, 222 So. 3d at 7.

Here, in all four of these consolidated cases, defense counsel raised *Ysaza*, but the same first appearance judge, after finding probable cause, refused to set bond without determining whether proof of guilt was evident or the presumption great.  Moreover, the State had not filed or stated its intention to file a motion for pretrial detention, and the judge did not follow the procedures for holding a defendant pending a pretrial detention hearing.  *See* Fla. R. Crim. P. 3.132(a).

In the State's response to our order to show cause, the State acknowledged that the first appearance judge erred in failing to make a finding that proof of guilt was evident or the presumption great.  However, the State urges us to find that the error was harmless, as we did in *Ysaza*, because on de novo review we could ourselves examine the probable cause affidavits and determine that they establish as to each defendant that proof of guilt is evident and the presumption great.  Quoting *Ysaza*, the State argues that "no useful purpose would be served in remanding for another hearing before the first appearance judge," because "the defendant can request the judge to whom the case is assigned to conduct a full Arthur hearing where the defendant can challenge the state's proof and seek to 'demonstrate that release on bail is appropriate.'  *Arthur*, 390 So. 2d at 720."  *Ysaza*, 222 So. 3d at 7.

Having reviewed the probable cause affidavits in each of these cases, we agree with the State that the affidavits establish that the proof of guilt is evident or the presumption great.  Therefore, consistent with *Ysaza*, we deem the error harmless and deny the petitions without prejudice for petitioners to request an *Arthur* hearing before the assigned judge.  *Ysaza*, 222 So. 3d at 4.  However, we reiterate and stress that the first appearance judge must make this determination in the first instance and not defer this responsibility to the assigned judge or to our court for de novo review. Bond cannot be denied at first appearance, without the first appearance court making the necessary findings pursuant to article I, section 14 of the Florida Constitution and *State v. Arthur*, 390 So. 2d 717 (Fla. 1980).

*Petitions denied without prejudice for further proceedings consistent with this opinion.*

CONNER and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***