# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D24-27
Lower Tribunal Nos. 2020-CF-011987-O and 2021-MM-002061-A-O

_____

OBDULIO IRIZARRY, JR.,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Habeas Corpus to the Circuit Court for Orange County.

March 18, 2024

MIZE, J.

Petitioner, Obdulio Irizarry ("Defendant"), filed a petition for writ of habeas corpus asserting that he is being illegally detained because the trial court improperly denied his motion for reinstatement of bond. We find no error in the trial court's denial of Defendant's motion for reinstatement of bond and, therefore, deny the petition.

## Background

In the proceedings below (the "First Case"), Defendant was charged with: (1) two counts of sexual battery upon a child under twelve; (2) three counts of sexual activity with a child twelve to eighteen years of age (with familial/custodial authority); (3) one count of sexual battery on a child twelve to eighteen years of age (with familial/custodial authority); (4) two counts of lewd or lascivious conduct; and (5) two counts of lewd or lascivious molestation. Defendant was released on bond pending his trial.

While out on bond in the First Case, Defendant was arrested for the offense of domestic battery, which initiated a second case (the "Second Case") against Defendant. In the First Case, the trial court revoked Defendant's bond pursuant to section 903.0471, Florida Statutes, after finding probable cause to believe that Defendant had committed the new offense of domestic battery while on pretrial release.

After Defendant's bond was revoked in the First Case, the State filed a "no information" in the Second Case, thereby declining to prosecute the charge of domestic battery and terminating the Second Case. Defendant then filed a motion in the First Case to reinstate his bond based on the fact that he was no longer subject to the charge of domestic battery that served as the basis to revoke his bond.

The trial court held a bond hearing. At the hearing, the State asserted that it did not prosecute the Second Case because the victim was uncooperative and, as a result, the State did not believe that it could obtain a conviction. The State argued, however, that there was sufficient evidence to establish probable cause that Defendant committed the crime of domestic battery such that revocation of the bond in the First Case was appropriate. The trial court heard evidence and made a finding that probable cause existed to believe that Defendant committed the new offense of domestic battery while on pretrial release in the First Case. Having made that finding, the trial court denied the motion to reinstate bond.

## Analysis

"A petition for writ of habeas corpus is the appropriate vehicle for challenging an order denying pretrial release." *Preston v. Gee*, 133 So. 3d 1218, 1220 (Fla. 2d DCA 2014); *see also Greenwood v. State*, 51 So. 3d 1278, 1279 (Fla. 2d DCA 2011); *Rosa v. State*, 21 So. 3d 115, 116 (Fla. 5th DCA 2009).

Florida Rule of Criminal Procedure 3.131 provides that "[u]nless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime…shall be entitled to pretrial release on reasonable conditions."[1] However, section 903.0471,

---

[1] While some of the charges against Defendant are punishable by life imprisonment, the trial court never denied Defendant bond on the ground that the proof of guilt was evident or the presumption was great.

Florida Statutes, provides that "a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release." The Florida Supreme Court has upheld the constitutionality of this statute. *Parker v. State*, 843 So. 2d 871, 880 (Fla. 2003).

In his petition, Defendant does not challenge the trial court's factual finding that there was probable cause to believe that Defendant committed the new crime of domestic battery. Rather, Defendant argues that the State declining to prosecute the new crime that served as the basis to revoke his bond required the trial court to reinstate his bond.

Defendant is wrong. Section 903.0471 allows a trial court to revoke a defendant's pretrial release "if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release." The statute contains no requirement that the State prosecute the new crime. Because the trial judge found probable cause to believe that Defendant committed a new crime while on pretrial release, the trial judge acted within his discretion by revoking Defendant's bond.[2]

_____

[2] The trial court held an evidentiary hearing on Defendant's motion to reinstate bond. Since it is not before us, we do not decide whether the trial court was required to hold an evidentiary hearing on Defendant's motion under these circumstances. *Compare Baehren v. State*, 962 So. 2d 417, 418 (Fla. 4th DCA 2007) (remanding for evidentiary hearing), *with Perry v. State*, 842 So. 2d 301, 303 (Fla. 5th DCA 2003) (holding no evidentiary hearing required), *and Simeus v. Rambosk*, 100 So. 3d 2, 4 (Fla. 2d DCA 2011) (same).

4

## Conclusion

For the foregoing reasons, Defendant's petition for writ of habeas corpus is denied.

PETITION DENIED.

TRAVER, C.J., and GANNAM, J., concur.


Lisa M. Figueroa, of the Florida Defense Team, Kissimmee, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Whitney Brown Hartless, Assistant Attorney General, Daytona Beach, for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED