# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1770
Lower Tribunal No. F25-6812
_____

**Hendrell Lamar Polk,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction—Mandamus.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for petitioner.

James Uthmeier, Attorney General, and Daihana Chang, Assistant Attorney General, for respondent.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

PER CURIAM.

Hendrell Lamar Polk petitions this Court for a writ of mandamus directing the trial court to conduct Phase Two of an Arthur[1] hearing before a different trial judge. The State has commendably conceded that Polk is entitled to such relief and we grant the petition.

Polk is charged with two counts of attempted first-degree murder with a deadly weapon, along with related offenses. Because these charges are punishable by life imprisonment, the trial court initially held Polk without bond. Defense counsel filed a motion for an Arthur hearing and the State simultaneously filed a motion for pretrial detention.

The trial court conducted a consolidated hearing, and after the State presented its evidence, the trial court found the proof of guilt evident and presumption great, thereby satisfying Phase One of the Arthur hearing. Defense counsel then requested to proceed with Phase Two of the hearing to present evidence regarding Polk's amenability for pretrial release.

The trial court refused to conduct Phase Two of the Arthur hearing, determining that, once the State had met its burden, Phase Two was discretionary. The hearing was concluded without the presentation of any defense evidence. At the conclusion of the hearing the trial court stated: "I

---

[1] State v. Arthur, 390 So. 2d 717 (Fla. 1980).

do not find that there would be any conditions of release that would ensure the safety of the community given Mr. Polk's actions that day." This petition ensued.

The trial court's denial of Polk's request for the trial court to conduct Phase Two of the Arthur hearing and its refusal to allow Polk to present evidence are inconsistent with the dictates of the Florida Supreme Court in Arthur and this Court's decision in Lawyer v. Crawford, 517 So. 2d 36, 37 (Fla. 3d DCA 1987). Florida precedent requires that, once the State meets it burden to establish proof evident/presumption great, a defendant is still entitled to an evidentiary opportunity to demonstrate his amenability for release. A trial court then has the discretion to grant bond, but first it must consider the defendant's responsive showing. Arthur, 390 So. 2d at 720 ("If, after considering the defendant's responsive showing, the court finds that the proof is evident or the presumption great, the court then has the discretion to grant or deny bail. On this issue, the burden is on the accused to demonstrate that release on bail is appropriate."); see also Lawyer, 517 So. 2d at 37 ("[T]he trial court is required in any life felony case to exercise its discretion as to whether bail should or should not be allowed upon consideration of the entire factual background."); Henry v. State, 325 So. 3d 937, 937 (Fla. 5th DCA 2020) ("In this case, although Henry is charged with

an offense punishable by life in prison and the State demonstrated that proof of guilt is evident and the presumption is great . . . , Henry is still entitled to a full hearing at which he may come forward to present testimony of witnesses or other evidence pertaining to his guilt and his amenability to bond."); Brackett v. State, 773 So. 2d 564, 565 (Fla. 4th DCA 2000) ("In cases where a defendant is charged with . . . an offense punishable by life imprisonment, and the state has demonstrated that the proof of guilt is evident and the presumption is great, Arthur contemplates a full hearing where 'the accused may still come forward with a showing addressed to the courts's discretion to grant or deny bail.'" (quoting Arthur, 390 So. 2d at 719)).

We conclude, as the State concedes, that Polk therefore is entitled to a hearing before a different judge,[2] to allow Polk to demonstrate his amenability for pretrial release.

Petition granted.

---

[2] See State v. Dixon, 217 So. 3d 1115, 1122 (Fla. 3d DCA 2017).